J. M. DILLON AND OTHERS, *Plaintiffs in Error*, v. MIZELL LIVE STOCK COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed December 2, 1913.

A mortgage executed by the conditional vendee in possession of personal property before the expiration of the statutory period of two years, confers no rights as against the conditional vendor, not possessed by the mortgagor.

Writ of error to Circuit Court of Jackson County; D. J. Jones, Judge.

Judgment affirmed.

*Paul Carter*, for Plaintiff in Error;

*C. L. Wilson*, for Defendant in Error.

COCKRELL, J.—This case involves the priority as between a vendor under a conditional sale and a mortgagee, claiming a lien on the same mule, the conditional sale bearing date January 10, 1910, and the mortgage being given on the 30th day of December, 1911, the mule continuing in the possession of the conditional vendee and mortgagor, and is to be determined by the construction to be placed upon Section 2516 of the General Statutes. The section, quoted at length in Hudnall v. Paine, 39 Fla. 67, text 71, 21 South. Rep. 791, renders void as to creditors and purchaser for a valuable consideration, conditional sales, not proved and recorded, after two years possession of the property in the conditional purchaser.

In that case, this court declined to say whether the credit had to be extended after the expiration of the two years, the point being not then presented, yet quoted the case of Carew v. Love, 30 Ala. 577, as holding that "before a creditor can avail himself of the benefits of the act he must extend credit after the expiration of the time of possession designated in the statute." That court also held in Brainard v. McDevitt, 21 Ala. 119, that a purchaser from the loanee could not acquire title until the expiration of the statutory period, nor could such purchaser tack his possession to that of his vendor to make up the requisite time. To the same effect is Beale v. Digges, 6 Gratt. (Va.) 582.

We think the analysis of the Alabama statute, by Chief Justice RICE, speaking for the court in Carew v. Love, *supra*, conclusive upon the construction of the Florida statute, and that "creditors who claim under the statute, to subject one man's property to the payment of another's debt must bring themselves strictly within the statute. The statute in question does not confer that extraordi-

nary privilege *on all classes of creditors* of a loanee. but only on that class in whose favor a deal or liability was contracted after the loan had continued for at least three (two) years."

In Hudnall v. Paine, *supra,* we held that after the expiration of two years, the lender or conditional vendor could protect himself only by *record* notice, as against creditors and purchasers, and now we hold that a mortgage executed by the conditional vendee in possession before the expiration of the statutory period, confers no rights upon the mortgagee as against the conditional vendor, not possessed by the mortgagor.

Taking this view of the statute, it is unnecessary to say whether the conditional sale was properly proved for record and the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER, AND WHITFIELD, J. J., concur.