### In re ATLANTIC BEACH CORP.

(District Court, S. D. Florida. August 28, 1917.)

1. BANKRUPTCY &wkey;140(1)—PROPERTY OF BANKRUPT—RESERVATION OF TITLE —CONSTRUCTIVE NOTICE.

The petitioner, owner of hotel property, contracted to sell to B., who assigned the contract to a corporation, which later contracted with the F. company to install an ice-making plant and machinery on the premises. By the contract the F. company was to retain title until the machinery was paid for, the machinery to remain personal property. Both of the contracts were duly recorded. Pursuant to the contract of purchase and assignment, petitioner conveyed all of the property, real and personal, to the corporation, and received a purchase-money mortgage. Later the corporation was adjudged a bankrupt and a trustee appointed. The trustee quitclaimed to the petitioner, and later ordered petitioner to pay to the F. company the purchase money or deliver to it the machinery, etc. Gen. St. Fla. 1906, § 2516, provides that the reservation of title under a written contract recorded is valid against purchasers or creditors. *Held*, that the fact that the petitioner recognized the assignment to the bankrupt and made a deed pursuant to the contract did not give it actual or constructive knowledge of the reservation of title by the F. company.

2. BANKRUPTCY &wkey;140(1)—RESERVATION OF TITLE—CONSTRUCTIVE NOTICE.

The recording of the contract prior to the conveyance to petitioner and the acceptance of the mortgage to secure the purchase money was constructive notice of the reservation of title and binding on petitioner.

3. NOTICE &wkey;5—CONSTRUCTIVE NOTICE—RECORDING OF INSTRUMENTS.

The recording of an instrument not entitled to record is not constructive notice of its contents.

4. FIXTURES &wkey;22—RESERVATION OF TITLE—CONTRACT—VALIDITY.

A contract, reserving title in fixtures placed on land, is valid and binding as between the parties and any one dealing with the realty with knowledge thereof.

In Bankruptcy. In the matter of the Atlantic Beach Corporation, bankrupt. Petition by the Florida East Coast Hotel Company to review an order of the referee. Denied.

A. V. S. Smith, Armstead Brown, and Egford Bly, all of Jacksonville, Fla, for the Florida East Coast Hotel Co., petitioner on review.

Marks, Marks & Holt, of Jacksonville, Fla., for claimant.

CALL, District Judge. This cause comes on for hearing upon the petition of the Florida East Coast Hotel Company to review the order of the referee made upon the petition of the Frick Company.

The facts upon which the referee acted may be stated as follows: The Florida East Coast Hotel Company, being the owner of the Hotel

---

&wkey;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

property, real and personal, in March, 1913, contracted to sell the same to Brackett. Later Brackett assigned and transferred this contract to the bankrupt, the bankrupt accepting said assignment and binding itself to carry out and perform the terms of said contract. In December, 1914, the bankrupt contracted with Frick Company to install an ice-making plant with the necessary machinery to replace the plant on the premises at the time of the contract of sale to Brackett. Frick Company performed its contract, and the bankrupt paid all the purchase price except $1,395.08, for which on February 15, 1915, a note was given, payable in one year. By the contract Frick Company retained title to the machinery until the same was fully paid for, and further contracted that the machinery should be and remain personal property. Parts of the machinery were attached in a substantial manner to the realty. The contract between the East Coast Hotel Company and Brackett contained a provision that Brackett would maintain at his own expense the premises and buildings and every part thereof in the same good repair and condition as the same were at the execution of the contract (ordinary and reasonable wear that cannot be repaired or replaced, and loss and damage by fire only, excepted). This contract of purchase and the Frick Company contract were each recorded in the public records of Duval county, shortly after each was executed. Pursuant to the contract of purchase and the assignment to the bankrupt, the Florida East Coast Hotel Company, on March 15, 1915, conveyed all the property, real and personal, to the bankrupt, and received from said bankrupt a purchase-money mortgage covering all of said property. Afterwards the Atlantic Beach Corporation was adjudicated a bankrupt, and a trustee duly appointed. Said trustee after an examination disclaimed as to this hotel property and quitclaimed and released all of said property to the mortgagee. Under this state of facts the referee ordered that the Florida East Coast Hotel Company forthwith elect to pay Frick & Co. the balance of the purchase money or to deliver to Frick & Co. the machinery, etc. The Hotel Company seeks a review of this order on three grounds, the first two taking exceptions to part of the opinion filed by the referee with his order. The third takes exception to the order. It is this third ground to which I shall direct my attention.

[1] There are no proofs submitted that the mortgagee in this case had any actual notice of the Frick Company contract. The fact that it recognized the assignment to the bankrupt and made a deed to it pursuant to said contract is not, to my mind, proof of actual notice; nor would such knowledge put the mortgagee upon inquiry to ascertain the existence of it. On the other hand, the sworn answer denies such actual notice.

[2, 3] Was the record of the contract in the public records of Duval county constructive notice to the owner of the land? It is well settled that constructive notice by the record is the creature of the statute. The recording of an instrument not entitled to record is not constructive notice of its contents. Statutes of Florida, § 1832, authorize the record of chattel mortgages, but the instrument on which Frick Company bases its claim is clearly a retention title contract and not a chat-

tel mortgage. Section 2516 of the General Statutes of Florida provides that reservations of title in personal property, whereby possession of same is delivered to the vendee evidenced by one in writing, proved and recorded within two years, to be valid against purchasers or creditors.

In Onyx Soda Fountain Co. v. L'Engle, 53 Fla. 314, 43 South. 771, it was decided that to comply with this statute the deed must have been executed by the vendor, execution by the vendee was not a compliance. The case of Marvin Malsby, etc., v. Gamble, 61 Fla. 310, 54 South. 766, has no application to the instant case.

In Dillon et al. v. Mizell Live Stock Co., 66 Fla. 425, 63 South. 824, the court held that a conditional vendee of personal property, before the expiration of two years, could convey no right to a mortgagee, not possessed by the mortgagor. In other words, that a mortgagor without notice of the conditional sale, before the expiration of two years, acquired no other or greater right than his mortgagor had. In the instant case the contract is under seal and executed by the vendor and acknowledged by said vendor before a notary public and recorded. But it seems to me that the question of notice or record is of no particular moment, in view of the decision in Dillon et al. v. Mizell, etc., supra, if this property remains personal property. The property was delivered presumably on February 15, 1915, and the mortgage executed and delivered on March 15, 1915, one month later. If by its attachment to the realty it becomes real property the above considerations do not apply.

[4] In the instant case it seems to me that there can be no doubt that the engine and machinery for making ice and cooling the different rooms were so attached to the realty as to become a part and parcel thereof, unless the provision contained in the contract with the bankrupt that same should remain personal property is in effect to bind the Hotel Company. It seems well settled by authority that such a provision is binding upon the parties thereto, and any one dealing with the realty with knowledge of such agreement. The Hotel Company in this case was the owner of the property, real and personal, at the time of the making of the contract and installing the machinery. The contract was recorded, and as above noted section 2516 of the general statutes of Florida provided for the recordation of such contracts. Subsequent to such installation the Hotel Company conveyed the property, real and personal, to the bankrupt, and received from it a purchase-money mortgage. Can it, under these circumstances, be said to be a subsequent mortgagee without notice? I think not. I am of opinion that the record of the contract prior to the conveyance to the Hotel Company, and acceptance by it of the mortgage to secure the purchase money, was constructive notice to it of the terms of said contract, and after such constructive notice accepted the mortgage, and cannot now be heard to contend that the provisions of the contract are not binding upon it. The Hotel Company accepted from the trustee in bankruptcy a quitclaim deed, and thus acquired title of the bankrupt vested in the trustee by the adjudication. It therefore occupies in this position the dual position of owner and mortgagee in so far as

Frick Company is concerned, with constructive notice of the retention of title by the vendor, and the provision that the machinery, though attached to the realty, should remain personal property until fully paid for. I bear in mind the provisions of the contract, in pursuance of which the deed was made, but do not think they have a material bearing upon this phase of the question. Had the title remained in the Hotel Company with the contract of sale on record (constructive notice of its terms to Frick Company), the question presented in this case would not arise.

I am of opinion that the order of the referee is not erroneous.

The petition to review will be denied.