## In re R. E. TAYLOR CORP.

### In re PRENTICE.

(Circuit Court of Appeals, Second Circuit. December 19, 1917.)

#### No. 79.

CHATTEL MORTGAGES ⟨⟩194—VALIDITY—SUBTERFUGE.

Lien Law (Consol. Laws N. Y. c. 33) § 230, declares that every chattel mortgage, not accompanied by immediate delivery and followed by an actual and continued change of possession, is void as against creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith, unless the mortgage is filed. Some months before adjudication the bankrupt corporation desired to purchase motor cars from claimant, which refused to sell on credit, and, as the bankrupt was about to sell some of its preferred stock under an agreement that no additional liens should be placed on its property, it was arranged that a third person should take title to the cars, give a chattel mortgage thereon, and to secure payment his notes would be indorsed by the bankrupt. The mortgage was duly filed, and the individual purchaser executed a bill of sale of the cars to the bankrupt. *Held* that, as the mortgage was filed and became notice of record, and as no fraud was practiced on the purchaser of the bankrupt's preferred stock by reason of the transaction, the covenant not to place additional liens on the bankrupt's property not applying to subsequently acquired property, and the transaction increasing the bankrupt's assets by its equity in the motor cars, the chattel mortgage is not subject to attack on the ground that it was in fraud of the Lien Law.

Rogers, Circuit Judge, dissenting.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of the R. E. Taylor Corporation. The petition of Ezra P. Prentice, as receiver of the bankrupt, to enjoin the Maxwell Motor Sales Corporation from making any claim upon the proceeds of a sale of certain motor cars being denied, the receiver petitions to revise. Order affirmed.

Blau, Zalkin & Cohen, of New York City, for appellant.

Joline, Larkin & Rathbone, of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. In September, 1916, the R. E. Taylor Corporation was in negotiation with the Maxwell Motor Sales Corporation for the purchase of 20 automobiles. The Maxwell Company was not willing to sell on credit, but required that a chattel mortgage be given it for the balance of the purchase money unpaid. The Taylor Company was not willing to do this, because it was about to sell some of its preferred stock under an agreement that no additional liens should be placed upon its property. Therefore it was arranged that one Cowan should take title to the cars and give a chattel mortgage upon them to

the Maxwell Company to secure payment of his notes, indorsed by the Taylor Company. This was done, and thereupon Cowan executed a bill of sale of the cars to the Taylor Company. The chattel mortgage was duly filed in accordance with the Lien Law of the state of New York (Consol. Laws, c. 33), but does not appear in the record.

March 28, 1917, an involuntary petition in bankruptcy was filed against the Taylor Company, and a receiver was appointed April 20th. The Maxwell Company, in accordance, as it is stated, with the terms of the mortgage, took possession of 10 of the cars for nonpayment of notes, and 10 came into the possession of the receiver. May 3, 1917, Judge Mayer, upon the motion of the receiver, ordered the Maxwell Company to turn over the cars in its possession to him, and that he sell them free and clear and out of the proceeds pay the lien of the Maxwell Company.

May 8th, the circumstances under which the chattel mortgage was executed having come to the knowledge of the receiver, he filed a petition praying that the Maxwell Company be enjoined from making any claim upon the proceeds of sale, because the chattel mortgage was void as against him, representing the creditors of the Taylor Company; it having been made in fraud of the Lien Law. June 8th Judge Augustus N. Hand entered an order denying the petition, and thereupon the receiver filed this petition to revise.

Section 230, art. 10, of the Lien Law, reads:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels or of any canal boat, steam tug, scow or other craft, or the appurtenances thereto, navigating the canals of the state, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article."

We see nothing to indicate that a fraud was practiced by any of the parties either upon the Lien Law or upon any one. The Maxwell Company was certainly entitled to insist upon a mortgage from the purchaser, and it sold to Cowan in order to get a mortgage. That was what the parties intended to do, and Cowan must be regarded as being the purchaser. As the mortgage was duly filed, knowledge of it was imputed to Cowan's creditors, and of course to the Maxwell Company, which had actual notice of it. If the purchasers of Taylor & Co.'s preferred stock have any right to complain, it is clear no fraud was practiced upon them, because the Taylor Company's covenant not to put any additional liens on its property would not apply to subsequently acquired property. In it the preferred stockholders would get the benefit of everything the Taylor Company had, viz. the equity over the mortgage.

The order is affirmed.

ROGERS, Circuit Judge (dissenting). I am unable to concur, while conceding that on the facts the question is a close one. The question involved, as it seems to me, is whether one who in effect has attempted to defeat the purpose of the chattel mortgage act may nevertheless claim the benefit of the mortgage. The facts lie within a narrow com-

pass. The R. E. Taylor Corporation, the bankrupt herein, wished to buy 20 Maxwell Motor Company touring cars. The manager of the Maxwell Motor Sales Corporation testified that the cars were purchased from him by the Taylor Corporation and for the Taylor Corporation, but that they were purchased in the name of Julius B. Cowan, vice president of the Taylor Corporation. The Maxwell Corporation received a check for $1,058.50, which, as he remembered it, was made by the Taylor Corporation to Cowan and indorsed by him to the Maxwell Corporation. Cowan signed the notes which were given for the balance of the purchase price, and the notes were indorsed by the Taylor Corporation. At the same time Cowan instructed the salesman that the bills for the cars purchased were to be sent to the Taylor Corporation and they were so sent. The invoices show title in the Taylor Corporation. The cars were delivered by the Maxwell Corporation at the warehouse of the Taylor Corporation. The payment of the notes was secured by a mortgage on the cars given by Cowan. The following excerpt from the testimony of the manager of the Maxwell Corporation is illuminating:

"Q. Who purchased those cars from you? A. The R. E. Taylor Corporation. Q. In whose name were they purchased? A. Mr. Cowan's. Q. You knew it was purchased by Mr. Cowan for the R. E. Taylor Corporation? A. Yes."

It was said in Re Cannon (D. C.) 121 Fed. 582, 584, that:

"The mischief which the recording laws are intended to prevent is the obtaining of credit by reason of the ostensible ownership of property which in reality is covered by a secret lien, and the great object of all such laws is to give notice—notice to all purchasers and notice to creditors who give credit on the faith of property."

That is undoubtedly the purpose of the chattel mortgage law. And such a transaction as the record in this case discloses cannot be upheld by the courts, in my opinion, without disregarding the intent of the statute, and without ignoring the object which the Legislature intended to accomplish by its enactment. The sale to Cowan was a mere pretense and sham, and the effect of what was done was to give the Taylor Corporation a credit on the faith of property subject to a lien which its creditors could not discover. It is not necessary to inquire whether any creditors were actually deceived or prejudiced by what was done. They might have been, and that is sufficient.

The Circuit Court of Appeals for the Fifth Circuit in Re Duggan, 183 Fed. 405, 106 C. C. A. 51, held that a chattel mortgage, withheld from record for several months by the mortgagee under a tacit agreement to do so because of the effect which the record would have on the mortgagor's credit, is fraudulent and void, both as to prior and subsequent creditors. In this case, as in that, the effect of what was done was to give a fictitious credit to the Taylor Corporation. The testimony is that that company was about to sell certain of its preferred stock, and that one of the conditions of that preferred stock was that no other or additional liens should be placed upon the property of the corporation. The attorney for the Maxwell Company testified that he argued for several days with the attorney for the bankrupt that a chattel mortgage on the cars about to be purchased was not placing a lien on the

property, but merely the acquisition of an equity of the purchaser. He adds that he was.not able to convince him, and that he then finally consented that the property should be taken in the name of Cowan. That Cowan was a mere dummy in the deal is evident. And it is also clear that the Maxwell Company knew that the real purchaser was the Taylor Corporation. That what was done did not wrong the preferred stockholders is not conclusive. The material fact is that the effect of what was done was to give the Taylor Corporation fictitious credit.

The conclusion I have reached is that a vendor of personal property, who consents to take a mortgage on the property in the name of one he knows is a dummy, and who never has or was intended to have possession of the property, and who has no interest therein, cannot enforce it as against the creditors of the real beneficial owner. It is not necessary to the validity of a chattel mortgage that the mortgagor have an absolute title to the property mortgaged, but he must have some interest therein. A mortgage in which the mortgagor has no interest is void. Learned v. Brown, 94 Fed. 876, 36 C. C. A. 524; Jewell v. Simpson, 38 Kan. 362, 16 Pac. 450. At the best all that can possibly be said for Cowan's interest is that he took as trustee for the Taylor Corporation, which furnished such money as was paid over and agreed to pay the balance. The mortgagee acquired only the interest of the mortgagor. Bourland v. McKnight, 79 Ark. 427, 96 S. W. 179, 4 L. R. A. (N. S.) 698; Rainey v. Nance, 54 Ill. 29; Dillon v. Mizell Live Stock Co., 66 Fla. 425, 63 South. 824. A man cannot grant or charge that which he hath not. Titusville Iron Co. v. New York, 207 N. Y. 203, 209, 100 N. E. 806. If Cowan is to be regarded as a trustee for the Taylor Corporation, and the Maxwell Corporation took with full knowledge of that fact a mortgage which did not disclose the cestui's interest, it would be postponed to the rights of the creditors of. the cestui who had no notice, and therefore of the trustee in bankruptcy; the intent of the Lien Law being that no chattel mortgage shall be good as against the creditors of the owner who are without either constructive or actual notice thereof. The rights of the creditors of the cestui are superior to those of the mortgagee under such circumstances.