G. W. VARN, W. L. VARN AND H. B .HARRELL, COPARTNERS
UNDER THE NAME OF VALDOSTA MOTOR COMPANY, *Appel-
lants*, v. J. F. ASHBROOK, *Appellee.*

Opinion Filed November 22, 1922.

Where a contract for the sale of personal property in which the
   vendor retains title to secure the purchase money, may prop-
   erly be regarded on facts shown to be a mortgage, it is error
   to dismiss a bill in foreclosure proceedings upon the theory
   that there was no mortgage.

An Appeal from the Circuit Court for Alachua County:
A. V. Long, Judge.

Reversed.

*E. G. Baxter*, for Appellants;

*W. S. Broome*, for Appellee.

PER CURIAM.—An automobile was delivered to the pur-
chaser thereof upon part payment and the execution of a
contract reserving title to the automobile in the seller until
the balance of the purchase price be paid, the amount being
evidenced by promissory notes referred to in the contract
of sale. The contract of sale and the notes were assigned to
another and the contract of sale was referred to in the
transfer as a mortgage. The notes were not paid and the
assignee brought foreclosure proceedings on the contract
of sale.

Pursuant to the statute on attachment proceedings the
court ordered a sale of the automobile and the proceeds
were placed in the register of the court. Testimony was
taken on the merits of the foreclosure. On final hearing the

court dismissed the bill and ordered the money delivered to the complainants, doubtless upon the theory that the contract of sale could not be a mortgage. An appeal was taken by the complainants and the appellee assigned cross-errors as allowed by the rules of the court, asserting error in awarding the proceeds of the sale to complainants.

As the contract retaining the title to secure the payment of the purchase money notes referred to in the contract of sale may in equity on the showing made, be regarded and treated as a mortgage at the election of the seller or his assignee, and such election having been made, it is binding and operates to vest the title in the purchaser subject to a lien for the purchase money which may be enforced in equity. See Aycock Bros. Lumber Co. v. First Nat. Bank of Dothan, 54 Fla. 604, 45 South. Rep. 501; American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 South. Rep. 942; Jones on Mortgages (7th ed.) Sections 196, 1449, 257, 279.

Reversed for appropriate proceedings, the money in the registry of the court to be duly applied on the indebtedness.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS, AND WEST, J .J., concur.