S. G. RAGSDALE, *Appellant*, v. MIAMI CADILLAC COMPANY, A CORPORATION, *Appellee.*

Division B.

Opinion Filed November 6, 1924.

Where the allegations of a bill of complaint brought to redeem personal property from a mortgage are sufficient to indicate that the instrument in controversy may on sufficient proof properly be held to be a purchase money mortgage, and it appears that the greater part of the purchase price has been paid, an equity for prompt redemption appears and a general demurrer to the bill of complaint should be overruled.

An Appeal from the Circuit Court for Orange County, C. O. Andrews, Judge.

Reversed.

*Chas. P. Dickinson,* for Appellant.

*Tilden & Sherman,* for Appellee.

WHITFIELD, P. J.—The bill of complaint herein in effect alleges that a Writ of Replevin has been issued and served on complainant for an automobile worth $2,000.00, bought from defendant on the purchase price of which a balance of $300.08 and ''a small amount of interest'' are due and unpaid. The bill alleges that the contract of sale contains among others the following provisions:

''Title to said property shall not pass to the purchaser until said amount is fully paid in cash.''

''If the purchaser default in complying with the terms hereof, the seller may take immediate possession of said property, including any equipment or accessories thereto; and for this purpose the seller may enter upon the premises

where said property may be and remove same. The seller may resell said property, so retaken, at public or private sale, without demand for performance, with or without notice to the purchaser, with or without having such property at the place of sale, and upon such terms and in such manner as the seller may determine; the seller may bid at any public sale. From the proceeds of any such sale, the seller shall deduct all expenses for retaking, repairing and selling such property, including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any surplus shall be paid over to the purchaser; in case of deficiency the purchaser shall pay the same with interest and the purchaser does hereby confess judgment in the amount of said deficiency. Seller shall have the right to enforce one or more remedies hereunder, successively or concurrently, and such action shall not operate to estop or prevent the seller from pursuing any further remedy which he may have hereunder, and any repossession or retaking or sale of the property pursuant to the terms hereof shall not operate to release the purchaser until full payment has been made in cash.''

The prayer is to redeem upon payment of balance due which is tendered in court.

A general demurrer to the bill was sustained, and complainant appealed.

As the allegations with reference to the provisions of the sales contract alleged to be a mortgage, indicate that it may on sufficient proof properly be held to be a mortgage, and as apparently the greater part of the purchase price of the automobile has been paid, there is equity for prompt redemption if the allegations are fully proven.

Reversed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.