No. 2903

Second Circuit

———

SHEPHERD v. LOUISIANA-TEXAS MOTOR CO., INC.

———

(November 7, 1930. Opinion and Decree.)
(December 23, 1930. Rehearing Refused.)

———

Cook & Cook and C. D. Egan, of Shreveport, attorneys for plaintiff, appellee.

C. B. Prothro, of Shreveport, attorney for defendant, appellant.

DREW, J. Plaintiff sued defendant alleging that she was the owner of a Moon

sedan automobile and that it was in the possession of defendant who refused to surrender it to her though demanded. She alleged the necessity for the issuance of a writ of sequestration and prayed that it be sustained and that she be recognized as the owner of the property sequestered.

Defendant answered admitting plaintiff's ownership of the car and that the car was in its possession and that it refused to deliver it to plaintiff; and, assuming the position of plaintiff in reconvention, it alleged that the car was damaged in an accident while being driven by plaintiff and was brought to defendant's garage for repairs. That it repaired the automobile and put in new parts where necessary, and that the cost of repairing the car together with the new parts furnished amounted to the sum of $107.65. And it alleged that it has a lien and privilege on the car for the payment of said amount, and prays that the demand of plaintiff be rejected at her cost and for judgment in reconvention for the amount of $107.65, with recognition of its lien and privilege on the automobile.

There was judgment for the plaintiff, maintaining her writ of sequestration, and rejecting the demand of defendant in reconvention. From this judgment the defendant has appealed to this court.

Plaintiff's car and a car driven by a man named Odom had a collision on the Shreveport-Marshall, Texas, highway, in or near the city of Shreveport. The accident was caused by the reckless and careless driving of the man Odom. Plaintiff's car was damaged to the extent alleged by defendant, who repaired it. After the accident the plaintiff called defendant's garage and asked that a man be sent to the scene of the accident, and she also called the sheriff's department of Caddo parish and requested that an officer be sent out. Mr. Wilson, a mechanic of the defendant company, arrived at the scene of the accident about the same time that two officers from the sheriff's department arrived there. The officers were in the act of arresting Mr. Odom when Mr. Wilson, of the defendant company, asked them not to arrest him, stating that he worked with Odom in Shreveport and knew him well and that Odom would put plaintiff's car in first-class condition if they would not arrest him. Odom agreed to have plaintiff's car placed in good condition, and Mr. Wilson, of the defendant company, agreed to accept Odom as responsible for the cost of the work. On this agreement of Wilson and Odom the officers did not arrest Odom. Wilson took plaintiff's car to defendant's garage and plaintiff's husband rode in the car with him to the garage. Later in the evening or night Mr. Odom went to defendant's garage and made arrangements to pay the bill, after finding out the amount of same, and left. Neither plaintiff, nor her husband, who was in the car with her, at any time held themselves out as responsible for the cost of repairing the automobile.

We find the following admission in the record:

"It is admitted that Mr. Shepherd did not make any arrangement, and the only authority for the Louisiana-Texas Motor Company to make those repairs was on the authority of Mr. Wilson."

When plaintiff called for her car, after it had been repaired, she was told that Mr. Odom had made arrangements to pay the bill, and that defendant believed he

would pay it, but that he had not yet paid it and she could not get the car until defendant's bill for repairs to it was paid.

Defendant contends that Mr. Wilson was only a mechanic in its garage and that he was without authority to bind defendant.

However, in this case the question of the authority of the agent to bind the corporation is not material.

According to the admission in the record, Mr. Wilson, who authorized the work to be done, was acting for Mr. Odom and not for the plaintiff, and before the work was begun Mr. Odom appeared and made the necessary arrangements with defendant for having the car repaired and was accepted by defendant as responsible for the bill. We think plaintiff was relieved of any further responsibility in the matter and that defendant was required to look solely to Mr. Odom for its pay.

The defendant knew, at the time it undertook the work, the circumstances regarding the accident and that the car it undertook to repair was not owned by Odom but by the plaintiff, and its only recourse is against Mr. Odom.

The car was repaired under an express contract between Mr. Odom and defendant, to which contract plaintiff was not a party, and she is in no way bound thereby.

We think the judgment of the lower court is correct and should be affirmed.

It is therefore ordered, adjudged, and decreed that the judgment of the city court of the city of Shreveport be affirmed, with costs.