C. I. T. CORPORATION, Plaintiff, *v.* LOUIS SOLOMON, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District,
July 12, 1934.

*Joseph G. Myerson* [*Matthias Cook* of counsel], for the plaintiff.

*Morris Weinfeld,* for the defendant.

WINTER, J.   Plaintiff sues to foreclose its lien under a chattel mortgage upon an automobile given by defendant's brother, the owner of the car.

On December 26, 1933, the car was injured and disabled in Bayhead, N. J., seventy-five miles distant from New York.   Defendant towed the car to New York, although the necessary repairs could have been made in Bayhead, and repaired the car.   Defendant apparently operated a repair shop and occasionally stored cars in his shop.   For the towage and ferryage defendant entered in his books under date of December 26, 1933, the sum of $85, and for repairs the sum of $65.   Under date of December 25, 1933, an entry for storage of $18 appeared.   On January 27, 1934, the owner of the car, the mortgagor, took the car from defendant's possession and used it, returning it on that date.   Defendant also testified that he loaned his brother $100 the week previous to pay off a loan.   The car was valued at $125.   Defendant asserts a garageman's lien for the towage, repairs and storage in the amount of $230.

53

This claim is obviously fictitious and is unconscionable and unreasonable. The towage charges were not an essential part of the repairs which could have been made at Bayhead. The date of the entries in defendant's books, the fraternal relations between the owner and the defendant, and the general vagueness of defendant as to details, together with the relatively enormous charge made for a relatively valueless car against a brother to whom a week before the defendant was loaning money, all this to say the least, casts suspicion on the *bona fides* of the claim. It smells of collusion.

Defendant's asserted lien for towage and repairs accrued on December 26, 1933, the date when he made the charge against the mortgagor, and for $18 storage on December 25, 1933. Yet on January 27, 1934, and March 2, 1934, over thirty days subsequent to the accrual of the alleged lien, the car was allowed out of the possession of the defendant. Whatever lien there was by reason of the charge made on December twenty-fifth and twenty-sixth and for storage thereupon became void as to this plaintiff. The so-called storage charges also are utterly incredible.

Plaintiff is entitled to judgment against the defendant awarding possession of the car and damages for seventy-five dollars for the unlawful detention. Settle findings and judgment on one day's notice.