M. FRITZ, as Trustee, also Known as MARIE B. FRITZ, *et vir*, v. MIAMI INDUSTRIAL BANK.

196 So. 689
Division A
Opinion Filed June 7, 1940

*Murrell & Malone,* for Appellants;

*Leland Hyzer* and *Thomas H. Teasley,* for Appellee.

TERRELL, C. J.—August 8, 1938, Caroline B. Henley executed her note in the sum of $350.00 in favor of Miami Industrial Bank secured by a mortgage on a certain Dodge automobile. The mortgage was recorded but subsequent to its recordation, the mortgagor placed the automobile in the hands of P. & A. Garage for repairs. After the repairs

were made, the mortgagor failed to pay for them so the automobile was sold by the repair man in the manner provided by Section 5384, Compiled General Laws of 1927. It was purchased by the appellants.

On learning of the sale, Miami Industrial Bank instituted suit to foreclose its mortgage at the same time attaching the automobile. Answer to the bill of complaint was filed, to which motion to strike was granted and final judgment was entered for the complainant. This appeal is from the final decree.

The question presented may be stated as follows: Whose lien is entitled to priority of payment, that of the Miami Industrial Bank as security for its note or that of P. & A. Garage for repairs on the automobile?

Appellant contends that under the common law, a mechanic had a lien prior in dignity to all others for labor performed or for materials furnished in the repair of any chattel and that Section 5384, Compiled General Laws of 1927, did nothing more than provide a method to realize on the common law lien. Appellee contends on the other hand, that Section 5384, *supra,* is a part of the general scheme for foreclosing laborer's liens and that it must be read and construed in connection with other statutes on the subject, particularly Sections 5363, 5371, 5379, and 5382, Compiled General Laws of 1927.

Section 5363, *supra,* in terms makes the laborer's lien prior in dignity to all others "accruing thereafter." The mortgage of the Miami Industrial Bank was on record months prior to the performance of the labor so it was prior in dignity to the latter lien. The chancellor so construed the Act and the decisions of this Court have concluded the question. Flynn-Harris, Bullard Company v.

Johnson, 90 Fla. 654, 107 So. 358; Griffin v. Hulion, 90 Fla. 582, 107 So. 354.

We have not overlooked the cases relied on by appellant, some of which apparently support their contention, but this Court has applied the contrary rule which is supported by the numerical weight of and better reasoned authority. The question is one of interpretation and we find no reason to reverse the chancellor or our former holdings.

His judgment is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.