Action in replevin by G.F.C. Corporation against Jesse Spradlin, doing business as Spradlin's Auto Service. A verdict was directed for plaintiff. From an order granting a new trial, plaintiff appeals.
Affirmed.
The appeal is from an order granting a new trial to the appellee in a replevin action instituted in the court below by the appellant.
One Herndon sold and delivered an automobile to a Mrs. Maggie Griner under an installment contract providing for retention of title in the vendor until payment of the full purchase price. On the same day Herndon assigned his conditional sales contract to the appellant G.F.C. Corporation. Four days later the appellant caused the contract to be recorded in the office of the State Motor Vehicle Commissioner at Tallahassee. After the date of sale but before the recordation of the contract Mrs. Griner placed the automobile in appellee's garage for repairs and the work was in progress at the time the appellant recorded the contract. When the repairs were completed appellee refused to deliver possession of the car to the conditional vendee until the repair bill was paid. The appellee had no knowledge of the existence of the contract held by the appellant at the time he began work on the car. The appellant had no knowledge that repairs were being made to the car or of the appellee's claim of lien for labor performed until after the work had been done and the appellee was holding the car as security for his services.
Upon this general set of facts the lower court directed a verdict for the appellant at *Page 680 
the close of the trial in the replevin action. Subsequently, the lower Court set aside the verdict and granted appellee a new trial on the ground, in substance, that at the time the labor was performed Mrs. Griner was the "owner" of the automobile within the purview of the lien laws, and hence that appellee was not required to give notice to the appellant of his intention to claim a lien on the automobile for labor performed, as would be required of a person not in privity with the owner who performed labor upon such vehicle.
The order appealed from, the assignments of error, and the briefs submitted, raise the question whether or not, as a matter of law, the appellee acquired a laborer's lien on the automobile placed with him by the conditional vendee superior in dignity to the rights of the appellant who became the owner by assignment of the retain title contract executed before but recorded after the work had begun; it being admitted that no notice of intention to claim a lien was ever given to the appellant.
The lien laws of the State provide that a lien prior in dignity to all others accruing thereafter shall exist on any engine or machine in favor of any person who by himself or through other persons performs any labor upon such engine or machine. Sections 85.01, 85.07, Florida Statutes 1941, F.S.A. As against the absolute or limited owner of the engine or machine upon which a lien is claimed, or purchasers or creditors with notice, the lien provided for by sections 85.01 and 85.07, supra, is acquired by any person in privity with such owner, by the performance of the labor. And any purchaser or creditor whose title, interest, lien or claim arises or is created while the work is in progress is deemed and held to be a purchaser or creditor with notice. Sec. 85.25, Florida Statutes 1941, F.S.A.
Under the statutes, "limited" ownership is all that is required of a person placing an engine or machine with a laborer for repairs in order to constitute a relationship of privity between the owner and the laborer and to entitle the latter to claim a lien for services by reason of the performance of labor. While the term "limited" is given no fixed meaning in the statutes, we think that when interpreted in its context with due regard for the purposes sought to be accomplished thereby, the term is broad enough to include a conditional vendee, who, by virtue of his contract, is considered under some of the cases as having the full beneficial or equitable ownership, coupled with the right of possession, dominion and control, of the chattel involved, subject only to the right of the bare legal title holder to enforce his contract in the event of a default; and, under other cases, as having the absolute title and ownership of the chattel subject only to the lien of the conditional vendor for the unpaid purchase money. Compare Aycock Bros. Lumber Co. v. First Nat. Bank of Dothan, 54 Fla. 604, 45 So. 501; Varn v. Ashbrook,84 Fla. 626, 94 So. 384; Ragsdale v. Miami Cadillac Co., 88 Fla. 302, 102 So. 494; Malone v. Meres, 91 Fla. 709, 109 So. 677; Fritz v. Miami Industrial Bank, 143 Fla. 342, 196 So. 689.
That the proper construction of the lien law statutes requires the inclusion of a conditional vendee of an automobile as one who may suffer a lien against the vehicle, particularly as to a laborer who has no actual or constructive notice of the existence of the claim of the retain title contract holder, is made clear, we think, by the language employed in the registration laws of this state with respect to motor vehicles. Section 319.15, Florida Statutes, 1941, F.S.A. prescribes that no lien for purchase money or as security for a debt in the form of a retain title contract, conditional bill of sale or chattel mortgage, or otherwise, on a motor vehicle, shall be enforceable in any of the courts of this state against creditors or subsequent purchasers for a valuable consideration and without notice unless a sworn statement of such lien showing the name and address of the registered owner, the date and amount of the lien, the description of the motor vehicle, and the name and address of the lienholder shall have been recorded in the office of the State Motor Vehicle Commissioner. The section prescribes, further, that the filing of such sworn statement with the motor vehicle commissioner shall be in lieu of all filing now required or authorized by law "and shall be effective as constructive notice when filed." *Page 681 
The plain intent and meaning of this statute is that a person in possession, dominion, and control of an automobile purchased under a retain title or conditional sale contract and who consequently owns the equitable or beneficial title thereto, is considered as the owner of the vehicle, and that any contract or agreement by whatever name called which has as its ultimate object the payment of the purchase price for the vehicle is to treated purely as a lien for the purchase money or as security for the payment or satisfaction of the debt or obligation described therein. That such is its meaning is made doubly plain, we think, by the fact that as to "creditors or subsequent purchasers for a valuable consideration" who have no actual knowledge of the lien or claim of the contract holder (which term can only mean creditors or subsequent purchasers of the "owner" and not creditors or subsequent purchasers of or from the holder of the retain title contract, conditional bill of sale or chattel mortgage) the lien or claim for the purchase money cannot be made effective as against them unless and until the sworn statement required has actually been filed with the State Motor Vehicle Commissioner.
For the purpose of obtaining a decision on the issues raised it is admitted by the parties in the case at bar that Mrs. Griner, the equitable or beneficial owner of the automobile involved, left the vehicle with the appellee for repairs. Without actual knowledge that the appellant claimed any interest in the vehicle by virtue of a retain title contract, the appellee, in entire good faith we must assume, began working on the car, before a sworn statement showing the existence of any such contract was filed with the State Motor Vehicle Commissioner. By reason of the labor performed he thereupon became a creditor of the equitable or beneficial owner to the extent of the reasonable value of the services performed by him. By reason of the performance of the labor he acquired a lien against the automobile left with him by the "owner" of the property, and was not required to give notice of his intention to claim the lien to the appellant who based his right solely upon an unrecorded instrument as to which the appellee was not charged with notice until the recordation of the sworn statement required by the registration laws of the State of Florida.
It follows from the conclusions reached that the trial court did not commit error in granting the new trial on the ground stated and that consequently the order appealed from should stand affirmed.
It is so ordered.
ADAMS, C.J., and TERRELL, THOMAS and HOBSON, JJ., concur.
BARNS, J., concurs specially.
CHAPMAN, J., dissents.