PEARSON, Judge
(dissenting).
The first conclusion of the majority opinion is that the judgment of the trial court was correct on the question of possession. In this conclusion I concur; although, I do not find that the limited jurisdiction of the civil court of record is in any manner concerned with that conclusion. In addition it should be pointed out that a proper equitable defense may be made by a purchaser in default on a retain title contract. See Ragsdale v. Miami Cadillac Co., 88 Fla. 302, 102 So. 494.
Upon this second question, “(2) was it error to enter a summary judgment for the value of an automobile in replevin which had been returned under a forthcoming bond to the petitioner, no determination having been made of the special interests of the respondent in said automobile (?)”, I conclude that no error was committed under the state of the pleadings in this case, since it was established that the plaintiff did not have a special interest in the automobile.
The plaintiff owned the automobile. Since he had title, his interest in the property was not “based upon a claim of lien or some special interest therein.” An examination of the cases cited by the petitioner upon this point reveals that each of them concerns the special interest of a purchaser under a retain title contract. An exception is found in the case of Brundage v. O’Berry, 101 Fla. 320, 134 So. 520, where a judgment was entered for the amount *123 found to be due upon a retain title contract to a seller, who was the plaintiff in replev-in. In that case certiorari was denied and the question involved here was not touched upon in the opinion.
Even though a purchaser in default upon a retain title contract has rights which maybe asserted, the seller has the right of possession and is the owner of the property. As such he may maintain replevin and upon defendant posting a forthcoming bond, he may have judgment for the value of the property.
Upon the motion for summary judgment properly made and noticed, the only evidence of value before the court was plaintiff’s affidavit and bond. These have been held sufficient to constitute prima facie evidence of value. Malsby v. Gamble, 61 Fla. 310, 327, 54 So. 766. I therefore conclude that the petition for writ of certiorari should have been denied.