149 So.2d 388 (1963)
RICHARDSON TRACTOR COMPANY, a Florida corporation, Appellant,
v.
SQUARE DEAL MACHINERY & SUPPLY COMPANY, a Florida corporation, and Jack Hicks, Appellees.
No. 3094.
District Court of Appeal of Florida. Second District.
February 6, 1963.
*389 William Gundlach, of Anderson, Gundlach & Hull, Fort Lauderdale, for appellant.
W. Stewart Gilman, of Gilman & McDonnell, Winter Park, for appellees.
SMITH, Judge.
Appellee, Square Deal Machinery and Supply Company, filed its complaint for the replevin of a Tractomotive Loader, claiming that the defendants, Richardson Tractor Company and Jack Hicks, wrongfully detained the same from the plaintiff. The plaintiff claimed the right to possession of the tractor under the terms of a retain title contract executed between the plaintiff and the defendant Hicks. The contract was executed on a date which was less than two years prior to the filing of the complaint, and it had not been recorded. The defendant, Richardson Tractor Company, answered and counterclaimed, alleging that it had, without knowledge of the plaintiff's retain title contract, received the tractor from Hicks and at Hicks' request performed labor and supplied parts therefor, for which services it had not been paid; and that it claimed a lien for the payment of the amount owed and was retaining possession for the purposes of enforcing its lien. On plaintiff's motion, the court dismissed the counterclaim. Plaintiff then moved for summary judgment, supported by an affidavit of one of its officers, made on personal knowledge, setting forth facts *390 proving the allegations of its complaint. The court entered summary judgment in favor of the plaintiff, granting possession of the tractor to the plaintiff, and the defendant appeals.
It is apparent from the pleadings and affidavits on file that there is no genuine issue as to any material fact. Thus, the question remaining is whether or not the plaintiff was entitled to judgment as a matter of law.
It must be borne in mind that the contract on which the plaintiff recovered possession of the tractor was a conditional sale contract, pursuant to which the plaintiff-seller retained title to the tractor pending payment of the purchase price. It was not a chattel mortgage that was required to be recorded in order to be valid against creditors or subsequent purchasers, Section 698.01, Florida Statutes, F.S.A. The decision in Fritz v. Miami Industrial Bank, 1940, 143 Fla. 342, 196 So. 689, dealt with a recorded chattel mortgage, so that decision is not determinative of the question here. Furthermore, the tractor was not a "motor vehicle" as defined by Section 319.20, Florida Statutes, F.S.A., and, therefore, Section 319.15, Florida Statutes F.S.A., which requires the recording of any lien for purchase money or debt on a motor vehicle in order for it to be enforceable against creditors or subsequent purchasers, is not applicable. Since a motor vehicle is not here involved, the decision in G.F.C. Corporation v. Spradlin, Fla. 1949, 38 So.2d 679, is not determinative of the question here.
At common law, and in the absence of a statute requiring it, the recording of a conditional sale contract is not essential to its validity against third persons. 78 C.J.S. Sales § 577. There is no statute in Florida requiring the recording of the conditional sale contract. Section 726.09, Florida Statutes, F.S.A., provides that where a sale of chattels is made by way of conditional sale contract (and by other means not here pertinent), and the possession of the chattel shall have remained in one other than the seller for the period of two years without demand and pursuit by due process of law, then the transaction is deemed fraudulent and the absolute title to the property shall be with the possession, unless the contract be recorded. That section is not applicable here because the sale was made at a time less than two years prior to the suit. A conditional sale contract is valid against his creditors and subsequent purchasers, even though the contract is not recorded, if the purchaser's possession is less than two years. Campbell Printing Press & Manufacturing Co. v. Walker, 1886, 22 Fla. 412, 1 So. 59.
The lien laws of this state provide that a lien prior in dignity to all others accruing thereafter shall exist on any engine or machine in favor of any person who by himself or through others performs any labor upon such engines or machines.[1] As against the absolute or limited owner of the engine or machine, the lien is acquired by any person in privity with such owner by the performance of the labor.[2] It has been held that a conditional vendee in possession is included within the term "limited owner." G.F.C. Corporation v. Spradlin, supra. It is, therefore, evident that the defendant had the statutory lien and was authorized by Section 86.02, Florida Statutes, F.S.A., to retain possession of the tractor.
We must determine the priority between the defendant's lien and the plaintiff's retained title. The general rule established by the common law is that they shall take precedence in the order of their creation,[3] unless the one prior in point of *391 time is extrinsically defective,[4] or is destroyed by some act of the holder.[5] In Dillon v. Mizell Live Stock Co., 1913, 66 Fla. 425, 63 So. 824, the court held that, where a mule was sold on an unrecorded conditional sale contract to a vendee who subsequently mortgaged the mule before the vendee had been in possession for two years, the mortgagee's rights were subordinate to those of the conditional vendor. The appellant urges that this court should adopt an exception to the common law rule of priority by holding that the vendor vested the vendee with the implied authority to have the vehicle repaired by allowing the vendee to have possession of it for his own use, thereby causing the lien of the repairman to be prior to the rights of the conditional vendor. Such an exception to the rule of priority has been adopted in a few other jurisdictions, but the majority of such decisions are based upon specific statutory enactments giving a repairman a prior lien. See Annotation, 36 A.L.R.2d 198. There is nothing in the record here to show that the conditional vendor either expressly or impliedly consented to the repair work. Neither the contract nor the statutes of this state give the conditional vendee implied authority to have the tractor repaired. This consent cannot be implied from the single fact that the tractor was in the possession of the conditional vendee for his use. Jordan v. J.E. Rotten & Co., 1930, 23 Ala. App. 465, 126 So. 893.
The right of possession of the plaintiff, conditional vendor, was superior to the repairman's lien and right of possession of the defendant, and the plaintiff was entitled to judgment as a matter of law.
The judgment is affirmed.
SHANNON, C.J., and WHITE, J., concur.
NOTES
[1] Sections 85.01 and 85.07, Florida Statutes, F.S.A.
[2] Section 85.25, Florida Statutes, F.S.A.
[3] Hollis & Ray v. Isbell, 1921, 124 Miss. 799, 87 So. 273, 20 A.L.R. 244; 36 A.L.R. 2d 198.
[4] Shepherd v. Louisiana Texas Motor Co., 1930, 15 La. App. 144, 130 So. 627.
[5] C.I.T. Corporation v. Solomon, 1934, 152 Misc. 833, 273 N.Y.S. 563.