ADAMS, ALTO, Associate Judge.
On July 24, 1963, Ipec, Inc., sold to one Chet Addington certain printing equipment on a conditional sales contract, retaining title to said property until it was fully paid for. The conditional sales contract was duly recorded in the Public Records of Dade County, Florida, on August 26, 1963. Addington made periodic payments on the contract over the years. In January of 1965, Addington (without notice to Ipec, Inc.) caused the machinery to be moved by Kniffin Transfer Company. Several times thereafter said machinery was moved by Kniffin at Addington’s request, the last move being made in October of 1966. As Addington failed to pay the moving charges submitted by Kniffin, the latter retained two linotype machines as security. After the last movement of the machinery, Addington left Florida and his whereabouts were unknown to Kniffin. On May 10, 1967, after Kniffin had complied with the provisions of Ch. 355, Fla.Stat. (but without actual notice to the appellant) the two linotype machines were sold to the appellee, International Printing Machinery Corporation, who in turn renovated one of the machines utilizing parts from both machines, plus additional new parts. International then sold the renovated machine.
Upon learning of the sale by Kniffin to International, the appellant brought a declaratory judgment action, seeking to hold the appellees liable for the amount of the secured debt or to foreclose on the property in question. Kniffin answered alleging as a defense immunity from liability, pursuant to Ch. 355, Fla.Stat. International contended its title, obtained at the sale, was taken free and clear of the appellant’s lien pursuant to §§ 677.7-307, 677.7-308, Fla.Stat., F.S.A., and/or that the appellant was estopped by the doctrine of laches to assert its lien. The cause proceeded to trial and, at the conclusion of the appellant’s case, the appellees moved for a directed verdict. The trial court determined Kniffin had a right to sell the property in question and entered the final judgment appealed.
The record on appeal contains substantial competent evidence to show that Knif-fin Transfer Company was in fact a common carrier, entitled to a carrier’s lien under the provision of Ch. 355, Fla.Stat. Thus, we are confronted with questions of priority of lien and of notice of sale.
Under the undisputed facts of the case sub judice, Kniffin’s lien was perfected prior to January 1, 1967 (the effective date of the Uniform Commercial Code) and only the sale took place subsequent thereto. By virtue of the saving clause contained in § 680.10-101(2), Fla. Stat., F.S.A., the priority of liens in the case sub judice is to be determined pursuant to existing law prior to the effective date of the Uniform Commercial Code. Therefore, under the holdings in Fritz v. Miami Industrial Bank, 143 Fla. 342, 196 So. 689; Richardson Tractor Company v. Square Deal Machinery & Supply Company, Fla.App.1963, 149 So.2d 388; and *913 Dade National Bank of Miami v. University Transfer & Storage, Inc., Fla.App.1963, 151 So.2d 868, the appellant’s lien is superior to Kniffin’s.
While the appellant had a superior lien, it permitted Kniffin to sell the chattel under the provisions of Ch. 355, Fla.Stat., with which Kniffin fully complied. Under § 355.03, Fla.Stat., F.S.A., it was not necessary to give notice to the appellant, written notice to the shipper or consignor and notice by publication being all that is required. Kniffin, having sold the property in question pursuant to Ch. 355, Fla. Stat., is entitled to all the protections thereof and is absolved from liability to the appellant under the provisions of § 355.09, Fla.Stat.,[1] F.S.A. Therefore, the directed verdict as to Kniffin is hereby affirmed.
By purchasing the property in question at the sale, International Printing Machinery Corporation could obtain no interest greater than that of Kniffin. Joel Strickland Enterprises, Inc. v. Atlantic Discount Co., Fla.App.1962, 137 So.2d 627; Avis Rent-A-Car System, Inc. v. Harrison Motor Co., Fla.App.1963, 151 So.2d 855. Therefore, it took property subject to the appellant’s recorded interest which the appellant could enforce. Cf. Lindsley v. Phare, 115 Fla. 454, 155 So. 812; Cape Sable Corporation v. McClurg, Fla.1954, 74 So.2d 883.
International Printing Machinery Corporation has contended that the order appealed should be affirmed on a theory that the appellant was guilty of laches, thereby precluding its recovery. Laches is an affirmative defense and the burden of proving it is on those who assert it, and it must be proved by very clear and positive evidence. Van Meter v. Kelsey, Fla.1956, 91 So.2d 327; Wagner v. Moseley, Fla.App.1958, 104 So.2d 86. On the basis of the record before this court (to wit: directed verdict at the close of the plaintiff’s case) we cannot say that International has sustained its burden of proof on the issue of laches. As this cause is to be retried as to International, this finding is not to be construed to preclude International from offering proof of the defense of laches when it puts on its case in chief.
“No common carrier shall be liable as for a conversion or otherwise for any property sold by it in accordance with the provisions of this chapter.”
Based on the foregoing, the directed verdict and judgment in favor of International Printing Machinery Corporation is hereby reversed.
Kniffin has cross-assigned as error the trial court’s denial of Kniffin’s motion to tax costs. Said costs consisted of costs incurred in taking the deposition of Leonard W. Kosoglad, President of the • appellant. Whether the expenses of procuring depositions may be allowable as costs rests in the sound discretion of the trial court (Emigh v. Tinter, Fla.App.1959, 108 So.2d 913), and the appellate court will not interfere unless an abuse of discretion is made to appear. Wade v. Murrhee, 75 Fla. 494, 78 So. 536. Kniffin has failed to show wherein the trial court abused its discretion in denying it costs, so we will not interfere with that order.
The judgment appealed herein is affirmed as to Kniffin Transfer Company and reversed as to International Printing Machinery Corporation, and remanded for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded with directions.

. “Carrier protected from liability