Oscar Murov, J.
This is an action for work, labor and services for the cost of towing and storage of defendant’s vehicle. The towing was done at the direction of the police pursuant to a Babylon town ordinance.
Chapter 14 of the Babylon Code contains provisions for towing. Section 14-25 allows towing of vehicles not involved in accidents but which are disabled and disrupting the traffic flow; section 14-37 governs vehicles involved in accidents. Section 14-41 provides that no vehicle may be towed without a signed consent from the owner or a police officer in charge thereof. That section further provides that such authorization covers towing and storage of the vehicle at the rates shown on the authorization form. Chapter 14 does not include any provision for notification of the owner where towing is authorized by a police officer; nor does it contain any provisions for the collection of money owed to the tower.
Section BO of article XIV of the Uniform Code of Traffic Ordinances of the Town of Babylon provides that the Superintendent of Highways may remove any vehicle which is parked or abandoned or is found unattended which constitutes a traffic obstruction. Section 81 provides for removal to and storage in a suitable place at the expense of the owner at a charge not to exceed $25 for removal and $2 per day for storage. Section 82 provides that the Superintendent of Highways shall report the removal and disposition to the Suffolk County Police Department which shall have the duty to find and notify the owner or person having custody of the removal and disposition and the amount necessary to redeem said Vehicle.
Section 187 of the Lien Law creates a lien in favor of truck-men or draymen, permitting the sale of personal property for the costs and expenses (including storage). Section 184 of that law gives a lien to bailees of motor vehicles for storage of vehicles. Section 200 et seq. provides for the sale of the property to satisfy the lien.
*898 The plaintiff is seeking to recover by bringing an action for work, labor and services. It appears that the statute creates an implied contract. However, no contract may be found and no liability should attach where the defendant has not been given notice of the situation. Here there is no evidence that defendant was ever notified of the disposition of his automobile. To enter judgment against him under such circumstances would be a violation of due process.
Nor is there any statement as to the value of the car. The amount sued for is $214. While in a proper case the plaintiff could recover the cost of towing and storage for a reasonable length of time, he should not be allowed to hold the car indefinitely and allow the charges to add up. In C. I. T. Corp. v. Solomon (152 Misc. 833) the court held a garageman’s lien for $230 on a car valued at $125 to be unconscionable and unreasonable. That court also felt that based on the facts presented, there was some fraud involved. There are no facts presented here to indicate any fraud; but this court agrees that to allow charges to increase to more than the value of the car would be unconscionable and unreasonable.
The defendant could only be liable if he were given notice and there is no evidence that this has been done, thus no implied contract may be deemed to have been created. Since the small claims court can only grant a money judgment (UDCA, § 1801) and no basis is shown for such a judgment against this-defendant, the court must dismiss the action.