ELIZA HUDNALL, APPELLANT, VS. JOHN B. PAINE DOING BUSINESS UNDER THE FIRM NAME OF MERRYDAY & PAINE, APPELLEE.

1. The fourth section of the act of 1823 as amended by the act of January 7th, 1859, (Sec. 4 p. 212, McClellan's Digest: Sec. 1994, Revised Statutes) was intended to suppress frauds and perjuries, and should be interpreted in advancement of the ends intended to be accomplished.

2. A conditional sale of personal property by which the title is reserved in the seller until the purchase money is paid, is embraced within the statute mentioned in the preceding headnote, and will be void as to creditors and purchasers for a valuable consideration after the expiration of two years' possession on the part of the purchaser, unless such sale be declared in writing and recorded as provided by the statute.

Appeal from the Circuit Court for Duval county.

STATEMENT.

On the 13th day of October, 1890, an affidavit in behalf of appellant, Eliza Hudnall, was filed with the Clerk of the Circuit Court of Duval county, in which it is alleged that Florence Keep was indebted to her,

Eliza Hudnall, in the sum of $295.75 for the rent of a certain described room in a building in the city of Jacksonville belonging to her, and that said rent was due and payable in money, being the balance due for the period of time from November, 1886, to and including the 15th day of October, 1890, and according to contract at the rate of $15 per month rent. A distress warrant was issued and levied by the sheriff upon a piano in possession of Paine, appellee, and released to him upon his executing and delivering to the sheriff a claim bond under the statute. Paine made affidavit that he was owner of the piano levied on by the sheriff, in the suit of Eliza Hudnall against Florence Keep, and that it was of the value of two hundred dollars. A trial was had on the claimant's issue and he obtained a verdict and judgment, from which this appeal was entered under the former statute authorizing appeals in proceedings at law.

To maintain his contention claimant offered in evidence the following instrument in writing, after proving its execution, viz:

"JACKSONVILLE, FLA., Jan. 20th, 1887.

This certifies that I, Florence Keep, now residing at Jacksonville, Fla., have received from Merryday & Paine, of Jacksonville, Florida, one Briggs upright piano, style 'A,' No. 8113, with stool and cover which, I agree to use with care, keep in good order, and keep it insured for $275; loss, if any, payable to said Merryday & Paine; and I have agreed to purchase the same on the following conditions and terms: twenty-five dollars on signing this agreement, and ten dollars per month for the space of twenty-five months following the date hereof, and for which monthly payments I have given twenty-five notes of ten dollars each;

said notes bearing interest after due until paid, at the rate of ten *per cent. per annum;* all payable at the office of Merryday & Paine without cost to them. It is expressly agreed by me that all right of ownership in and control of said instrument remains in said Merryday & Paine, and shall so remain until I shall have made payment in full therefor as above agreed. It is further expressly agreed by me that if default shall be made in either of said payments, the said Merryday & Paine shall have full liberty, at their option, to resume possession of their said property. Witness my hand this 20th day of January, 1887," and was signed and sealed by Florence Keep. Counsel for Mrs. Hudnall objected to the introduction of this instrument of writing in evidence because it contained a reservation of the title to the property therein named, and had never been recorded as required by law. The objection was overruled, exception duly noted, and the paper read to the jury. Claimant proved that Florence Keep had not finished paying the amount due upon the piano, and that there were several installments of purchase money mentioned in the contract still due and unpaid. It also appeared upon cross-examination of Florence Keep, who was examined by claimant, that she took possession of the piano about January 20th, 1887, placed it in the room occupied by her, belonging to Mrs. Eliza Hudnall, and that the piano remained there until, as the witness says, "the 11th day of October, A. D. 1890, or rather Sunday morning, the 12th day of October, A. D. 1890," when claimant with his men went to the room and took it away. Counsel for Mrs. Hudnall moved to exclude from the jury the written instrument on the ground that it had never been recorded, and the

proof showed the piano had remained in the possession of Florence Keep, the person to whom it had been delivered by claimant, from the 20th of January, 1887, until the 12th day of October, 1890, and that as to Mrs. Hudnall, a creditor, the piano was the absolute property of Florence Keep under the act of 1823, sec. 4, p. 212 McClellan's Digest. This motion was denied by the court and exception noted. Claimant further proved by Florence Keep that during the time she was a tenant of Mrs. Hudnall she notified the latter of the fact that the piano had not been paid for, and therefore belonged to claimant. Mrs. Hudnall denied that she had been so notified. It further appeared from the statement of Paine himself that he had heard Florence Keep was indebted to Mrs. Hudnall for rent, and that he moved the piano at Florence Keep's request after night. It was moved near midnight.

The case was submitted to the jury by the court on the theory that if the piano in question was purchased by Florence Keep under the written instrument offered in evidence, and that it had not been paid for at the time it was seized under the distress warrant, and Mrs. Hudnall was informed of these facts, the claimant was entitled to recover.

The other facts in the case are stated in the opinion of the court.

*Walker and L'Engle*, for Appellant.

*Fletcher and Wurts*, for Appellee.

Mabry, J.:

The fourth section of the act of 1823 (§4, p. 212 Mc-Clellan's Digest, and §1994 Revised Statutes) provides "that where any loan of goods and chattels shall be pretended to have been made to any person with whom, or those claiming under him, possession shall have remained for the space of five years without demand made and pursued by due process of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made, of a use or property by way of condition, reservation, remainder or otherwise, in goods and chattels, the possession whereof shall have remained in another, as aforesaid, the same shall be taken as to the creditors and purchasers of the persons aforesaid so remaining in possession to be fraudulent within this act, and that the absolute property is with the possessor, unless such loan, reservation or limitation, or use of property, were declared by will or deed in writing, proved and recorded as aforesaid." This section was amended by the act of January 7, 1859, so that the space of five years be changed and limited to two years.

The above statutory provision, though of long standing in this State, has not, so far as we find, been construed by this court. In Campbell Printing Press & Manufacturing Co. vs. Walker, 22 Fla., 412, 1 South. Rep. 59, it is said it would seem that an instrument, construed to be a conditional sale of personal property, when not recorded, would be void under the act as against creditors and *bona fide* purchasers, but the head-note shows that nothing was intended to be decided in reference to the point. The section quoted is a part of an act to prevent and avoid fraudulent

conveyances, and while most of the act is an enact-
ment here of the English statute against fraudulent
alienations, the fourth section is a departure in terms
from the English prototype. The provision will be
found in the statute of frauds as enacted by the States
of Virginia, Alabama, Kentucky, West Virginia, and
probably in others, and we have examined the early
decisions in some of the States mentioned, with the
view of obtaining the correct meaning of the act. The
purpose of the provision was to prevent persons from
obtaining a false or collusive credit by means of the
continued possession of property upon which cred-
itors or purchasers may well be deemed to have re-
lied. We quote from the case of Myers vs. Peek's
Adm'r., 2 Ala. 648, as follows: "The cases cited
serve to show that in order to bring a case within the
provision of the statute of frauds we are considering,
it is not necessary to prove that the possession of the
debtor or seller should be under a contract of bailment,
technically called *commodatum* or *a loan for use*.
They maintain that where the owner of personal prop-
erty voluntarily parts with the possession to another
person, either with or without an express contract,
that there must be a 'will or deed' declaring the 'loan,
reservation, or limitation of use, or property' proved
and recorded as required by the statute; or else the
absolute property shall be taken to be with the pos-
session in favor of creditors and purchasers. That the
act was intended to suppress frauds and perjuries, we
think, abundantly appears, both from the title and
terms in which it is expressed; and that it should re-
ceive a liberal interpretation in advancement of the
ends proposed, is what will not be disputed at this day.
(Bank of the U. S. vs. Lee, 13 Peters, 101; Cutler vs.

Hinton, 6 Rand. 509). The last member of the second section is not restricted to a 'loan,' but extends to a case 'where any reservation or limitation shall be pretended to have been made of a use of property, by way of condition, reservation, remainder, or otherwise, in goods and chattels, the possession whereof shall have remained in another.' These words are of exceedingly extensive meaning, and in order to promote the intention of the Legislature, may, with perfect propriety, embrace a 'reservation or limitation,' not only *expressed and stipulated* by the parties, but one which the law *implies* from a given state of facts. The terms 'or otherwise' apply to every conceivable 'reservation or limitation,' whether they are to operate by way of 'condition, reservation, remainder,' or in any other manner known to the law." Carr vs. Lester, 90 Ala. 349, 8 South. Rep. 35. That a conditional sale of personal property evidenced by writing and not recorded, would come under the operation of the statute, was recognized in the case of Baylor vs. Smither's Heirs, 1 Littell (Ky.), 105, decided in 1822. It is said in the opinion that "if Shirley had remained in possession of the girl (a slave) for five years before the commencement of this suit, it is conceded that, as to his creditors and purchasers, the condition would have been void and inoperative; for, after the conditional sale to him, the right of Smithers was in the nature of a reservation, dependent on the performance of the condition by Shirley; and there is a provision in the statute of frauds of this country expressly declaring fraudulent all such reservations, where the possession remains with another for the space of five years, without demand made and pursued by due proceeds of law, unless the reservation, etc., be declared by will

or deed in writing, regularly proved and recorded." The construction put upon the provision in question by the Alabama court, in the case of Carew vs. Love's Admr., 30 Ala. 577, was that a sale of personal property, under legal process against the loanee, on a debt contracted before the expiration of the three years' possession—the time limited in their statute—did not divest the title of the lender, nor confer any on the purchaser. From this decision it follows that before a creditor can avail himself of the benefits of the act he must extend credit after the expiration of the time of possession designated in the statute. It had been formerly held in the same court that a purchaser from the loanee could not acquire any title until after the expiration of the possessory period limited in the statute, and that such purchaser could not tack his possession to that of his vendor in order to make up the requisite time. Brainard vs. McDevitt, 21 Ala. 119. The case of Gay vs. Moseley, 2 Munford, 543, decided in 1811, holds that when the property remained more than five years—the time limited in the Virginia statute—in the possession of the loanee without the required demand made on the part of the lender, it must be considered the absolute property of the person so retaining possession as to creditors and purchasers under him, and that notice on their part did not change the result. The opinion says: "And as to the notice which is alleged in the bill of exceptions to have existed, in the creditor under whose execution the appellee purchased, and in the said appellee himself, of the existence of the said deed of trust, the court is further of opinion that, under the true construction of the act aforesaid, the lapse of five years' possession, as aforesaid, was intended to shut up and conclude all inqui-

ries as to such notice, and to avoid the perjuries aris-
ing therefrom, in relation to controversies between
persons claiming the property so loaned, as aforesaid,
under the lender, and the creditors of, and purchasers
under, the persons so remaining in possession."

There is nothing to indicate that the statute was in-
tended to disturb the rights or confer new ones as be-
tween the lender and borrower of the property. Butler
vs. Jones, 80 Ala. 436, 2 South. Rep. 300. We are of
the opinion that the present case was tried on a mis-
apprehension of the purpose and meaning of the stat-
ute. On the claimant's issue here Mrs. Hudnall must
be regarded as a creditor of Florence Keep after the
expiration of her two years' possession of the piano,
and without determining now whether a creditor must
be one extending credit after the expiration of the
two years' possession limited by the statute, in the
present case Mrs. Hudnall must be considered as such
creditor. Florence Keep had possession of the piano
near four years, and under the allegations of the dis-
tress proceedings she was due rent, at the rate of $15
per month, down to the 15th day of October, 1890.

It made no difference if Mrs. Hudnall did have no-
tice that the piano had not been paid for, as she had
the right after the expiration of two years' possession
by Florence Keep to treat it as her property and seize
it for rent due for the use of the premises. The con-
struction we place upon the statute is the same adopted
by the Virginia court before it became a part of our
statutory system, and it is more than likely that we
followed Virginia in adopting the statute. Our con-
clusion, of course, proceeds upon the theory that the
statute will apply to such a reservation of property as
was attempted in the written instrument introduced

in evidence and relied on by the claimant, appellee here.    This court said, in the case already referred to, it would seem that the statute applied in such a case, and we are satisfied that it does.    The Kentucky court regarded it as covering the case of a conditional sale, and, considering the purpose of the statute, it should be so construed.    The property having remained in the possession of Florence Keep more than two years without any demand on the part of Paine, and without any record of the paper, she could not surrender the property and defeat the claim for rent that had already attached.    Beale vs. Digges, 6 Gratt. 582.

The court erred in admitting the written instrument to go to the jury as evidence of appellee's right to recover the piano after it was shown without contradiction that Florence Keep had been in possession for more than two years under the conditions stated, and the case should not have been submitted to the jury on the theory of the statute adopted by the trial court.

The judgment of the court below is reversed and a new trial awarded.