ONYX SODA FOUNTAIN COMPANY, AN ILLINOIS CORPORATION, PLAINTIFF IN ERROR, v. JOHN C. L'ENGLE, DEFENDANT IN ERROR.

1  Under a statute avoiding contracts of conditional sales of personal property when the possession remains with the vendee for two years, "unless such  *  *  *  reservation or limitation of use or property were declared by will or deed in writing proved and recorded," a deed by the vendee only, acknowledging the reservation of title in the vendor does no satisfy the statute.

2.  The fact that the purchaser without record notice of a conditional vendee in possession of personal property, possession having so remained more than two years before the purchase, tenders his good offices in assisting the conditional vendor to collect the unpaid money, does not avoid the latter purchase.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*John E. Hartridge & Son,* for Plaintiff in Error;

*E. J. L'Engle,* for Defendant in Error.

COCKRELL, J.: The decision of this case depends upon the construction to be placed upon Section 1994 of the Revised Statutes of 1892, and its application to the contract here involved. The section reads: "1994. Fraudulent Loans Void.—When any loan of goods and chattels shall be pretended to have been made to any person with whom, or those claiming under him possession shall have remained for the space of two years without demand and pursued by due process of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of a use of property by way of condition, reservation, remainder or otherwise in goods and chattels and the possession thereof shall have remained in another as aforesaid, the same shall be taken, as to the creditors and purchasers of the persons aforesaid so remaining in possession, to be fraudulent within this chapter, and the absolute property shall be with the possession, unless such loan, reservation or limitation or use of prperty were declared by will or deed in writing proved and recorded."

It having been shown that the " goods and chattels" in controversy, a soda water fountain, had remained in the possession of one Martinez for more than two years, the plaintiff who was the original owner offered in evidence

an instrument under seal executed by Martinez, the conditional vendee, as follows:

"Know All Men by These Presents:

That I, R. J. Martinez of Jacksonville, in the State of Florida, justly and truly indebted unto the Onyx Soda Fountain Co., of the City of Chicago, in the State of Illinois, in the sum of One Thousand Dollars, as evidenced by 36 promissory notes, bearing date the 22nd day of March, A. D. 1897, maturing in amounts and at times as follows:

35 monthly due 22nd of each month, starting April 22nd, 1897, at $28.00 each; 1 due 22nd March, 1900, to complete, Twenty Dollars, with interest 6 per cent. from said date, which said notes were given by me for certain soda water apparatus conditionally purchased of the said Onyx Soda Fountain Co., and now at my place of business in Jacksonville, and which is more particularly described as one Geraldine two body apparatus with top in white and gold, order for above with sundries dated March 6th, 1897, the conditions of said purchase being that possession of said property is to remain with me until default in payment, but title to the same should not pass to me, but until all said notes are paid should remain in the said Onyx Soda Fountain Co.

Witness my hand and seal this 14th day of May, A. D. 1897.                              R. J. Martinez. (Seal.)
Witness:

W. H. Treadwell.
William L. Gibson.

Subscribed and sworn to before me this 19th day of May, 1897, and acknowledged same to be his free act and deed.

(Notarial Seal.)        Wm. L. Gibson, Notary Public."

The trial court held that this instrument was not properly "proven" for record, and directed a verdict for the defendant. The acknowledgment is not perfect, but whether it be fatally defective need not now be decided, seeing that there is another insuperable objection to the instrument. The "will or deed" mentioned in the statute must clearly be that of the party who has the title to be reserved. As between Martinez and the Onyx Soda Fountain Company the title never passed, and there was nothing for Martinez to reserve or limit.

The section quoted is a part of our statute of frauds, and was considered at some length in the case of Hudnall v. Paine, 39 Fla. 67, 21 South. Rep. 791. The prolonged separation of the title in one party from the open possession in another upon which he may acquire a false credit or delude a purchaser is the mischief aimed at by the legislation, and the policy thus declared should receive the favor of judicial interpretation. In the two cases, Roef v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 18 South. Rep. 597, and Campbell Printing Press & Manuf'g Co. v. Walker, 22 Fla. 412, 1 South. Rep. 59, relied on by the plaintiff in error, the title was held to be in the conditional vendor as against the world, but in neither of these cases had the two-year period elapsed and in the latter case the point was expressly reserved and a clear intimation was given that it would be applied should that condition arise.

. The kindred section in the Statute of Frauds of the various States differs in detail and we can get but little light from the decisions. In Wisconsin the statute requires the instrument to be signed by both parties and it is there held that the signature of the vendee alone will not satisfy the statute though the instrument be recorded.

S. L. Sheldon Co. v. Myers, 81 Wis. 627. 51 N. W. Rep. 1082. In other States it is required only that the note or notes of the conditional vendee be recorded, and the decisions of the courts of those states can not help us. Again in other states the conditional sale is deemed a chattel mortgage either by express statute or construction, but in Florida the instruments are distinct; nor would it help the plaintiff in this action should the instrument be considered a mortgage, in that the title would be in the mortgagor not in the plaintiff until foreclosure and purchase by him at the sale, and until the title had been thus acquired he could not maintain this action. Under no aspects do we conceive how the conditional vendee can be deemed the proper party to execute the "will or deed in writing" to satisfy the statute and for this reason no error was committed by the court in withdrawing the instrument from the consideration of the jury and directing a verdict for the defendant.

The mere fact that subsequent to the purchase Dr. L'Engle was advised of the plaintiff's claim and tendered his good offices in assisting in the collection of the notes, as testified to by a witness, does not tend to disprove that he was a *bona fide* purchaser, if it be admitted that good faith is an issue. Notice that the fountain had not been paid for is not material. Hudnall v. Paine, *supra.*

There was no error in directing a verdict for the defendant. This conclusion renders any consideration of the other assignments unnecessary, and the judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.