D. W. BULLARD, *Appellant*, v. W. D. DAVIS, *Appellee*.

1. As between an innocent purchaser, for value and without notice of a pawn brokers business, from the active partner, and a silent partner in the business, the latter should suffer, even though there be a secret unconditional sale of the business as between the two partners the full consideration for which has not been paid.

2. An equity for an accounting as between partners will not continue as against an innocent third party after the defendant partner has been dropped from the case.

This case was decided by Division A.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. C. Gordon* and *Victor H. Knight,* for Appellant;

*H. S. Hampton,* for Appellee.

COCKRELL, J.—W. D. Davis, the appellee, alleges in his bill that in 1906 he formed a partnership with one B. D. Meadors, to carry on the business of lending money, to be actively conducted by Meadors under the name of B. D. Meadors & Company, Davis supplying all the original capital, $1,150.00, the profits to be equally divided after earning the repayment of this capital sum. . In 1907 Meadors proposed to buy out Davis and a contract was entered into whereby upon an agreed consideration of eleven hundred dollars, $500 of which was paid in cash, the deferred payments being evidenced by six promissory notes of one hundred dollars each a "conditional sale" of this partnership interest to the active partner by the dormant partner was made, it being stipulated that upon failure to pay any note within ten days after maturity, the agreement at Davis' option was to be void and all prior payments to be considered as "rent" for its business and be forfeited and further on such default Meadors agreed to surrender the "business together with all rights, notes, property or other assets belonging to said business upon demand." The first note was paid, but the second was not and Meadors sold the business to D. W. Bullard, and the business became merged and absorbed in the business theretofore conducted by Bullard under the name of Call & Co.

It is further alleged that Meadors has left for parts unknown and is without visible property. Upon these al-

legations it is prayed that the partnership of Meadors & Company be declared void, that an accounting be had and that Meadors and Bullard be required to pay the balance found to be due, and that a receiver be appointed for the firm of Call & Company.

The court without notice appointed the receiver as prayed, and refused to discharge the receivership except upon the condition that Bullard give bond conditioned to pay "all sums of money which may on final hearing of the cause be found to be due him (Davis) from D. W. Bullard or Call & Co. arising out of the transfer to D. W. Bullard or to D. W. Bullard, doing business as Call & Co. by B. D. Meadors." The final decree is that Davis do have and recover from the respondent D. W. Bullard the sum of $500 principal with interest which amounts are found due from Bullard by reason of the transfer of the business of Meadors & Company, by Meadors to Bullard and the conversion and absorption of the said business by the said respondents into the business of Call & Company, and further Bullard is ordered to pay the costs, which are taxed at approximately five hundred dollars.

Beyond the allegation in the bill that Meadors had disappeared and a prayer for process against him, no further notice appears to have been paid him, no attempted service or decree pro confesso, and yet final decree is entered against him. It is barely possible that a complete transcript of the whole record would disclose a different condition.

The bill alleges neither record not actual notice to Bullard of the arrangement between Davis and Meadors, but from the brief filed in behalf of Davis we gather that he disclaims necessity for notice upon the theory of the case of Hudnall v. Paine, 39 Fla. 67, 21 South. Rep. 791, where a conditional vendor was held to have rights in a piano superior to the landlord's lien for rent.

It may well be questioned whether the same rule could be applied to so intangible a property as is here involved, but we are clear that a different principle, the law of agency controls here.   Davis was but a silent partner in the business, desirous of being unknown to the outside world, and had placed in active, apparently sole management of that business B. D. Meadors for whose act of deception Davis who so selected and empowered him should suffer rather than an innocent stranger.  The case of White v. Farnham, 99 Me. 100, 58 Atl. Rep. 425, 105 Am. St. Rep. 261, fully sustains this principle and overthrows any supposed equity in the appellee.

Whatever equity may have been supposed to exist for an accounting with Meadors seems to have been wholly lost sight of; in fact Meadors seems to have been dropped from the case.

We do not overlook the irregularity in allowing counsel fees in this case, but need say nothing thereon as we think the bill should be dismissed.

The decree is reversed with direction to dismiss the bill.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.