## AMERICAN SURETY CO. OF NEW YORK v. SIMPSON et al.

### No. 789.

District Court, S. D. Florida,
Jacksonville Division.

Feb. 14, 1946.

---

Stockton, Ulmer & Murchison, of Jacksonville, Fla., for plaintiff.

William J. Gardiner, of Daytona Beach, Fla., and Harrell & McCauley, of Jacksonville, Fla., for defendants.

STRUM, District Judge.

This is an action to foreclose a chattel mortgage executed by the Simpsons, trading as Simpson Construction Company, to the plaintiff on March 3, 1944, covering certain machinery and vehicles. The mortgagors admit both the execution of the mortgage and default thereunder. The only question to be determined is one of priority as between the plaintiff-mortgagee and L. Knabb, a conditional vendor of the property to the Simpsons. Plaintiff moves for a summary judgment on the undisputed facts now shown by the record.

In November, 1940, a partnership known as Simpson Construction Company was formed, composed of L. Knabb, Carl Knabb, and Ralph Knabb, Harry W. Simpson, Edward F. Simpson, and F. W. Simpson, Jr. At various times during and prior to February, 1942, L. Knabb individually advanced money for the purchase in his own name of certain construction equipment and vehicles, and turned the same over to said partnership, for use in its construction business, under an oral agreement that the equipment would not become the property of said partnership until all moneys advanced by L. Knabb had been paid.

Thereafter, this partnership continuously had possession of the equipment, and used it in its construction business until October 6, 1942, when the three Knabbs sold their respective interests in the partnership to the three Simpsons, who then took over the business and continued to operate it as Simpson Construction Company, retaining possession of the property in question. An agreement of conditional sale was executed, dated October 6, 1942, under which the Knabbs agreed to convey their interest in the property in question to the Simpsons when all moneys advanced by L. Knabb to purchase the property, and also the purchase price of the Knabbs' interest in the partnership, had been paid in full. These sums have not been fully paid.

On February 5, 1944, about one month before the mortgage in question was executed, the Knabbs notified the Simpsons that the latter were in default under their agreement to purchase the partnership assets, and purported to retake possession of the equipment. Actual possession was not retaken, but Knabb attached some written notices to a portion of the equipment which was then in Daytona Beach, and asked Mr. Simpson, Sr., to attach similar notices to the major portion of the equipment which was then located near Melbourne, and being used by the Simpsons on a construction project there. Whether Mr Simpson, Sr., complied with this request as to the property at Melbourne does not clearly appear.

Under sec. 726.09, Fla.Stat.Ann., any reservation or limitation upon the title to chattels, possession of which has remained in a conditional vendee for a period of two years without demand, is fraudulent as to creditors of the person so in possession, and the absolute property shall be with the possession, unless such reservation or

limitation was declared by will or deed in writing, proved and recorded. Here, the contract of conditional sale was never recorded, and actual possession remained with the vendee and mortgagors, Simpson Construction Company, composed of the three Simpsons, from October 6, 1942, to the time of the execution of the mortgage, March 3, 1944. Possession had remained with the predecessor partnership since February, 1942, or earlier.

However, the mortgage executed by the Simpsons to the plaintiff American Surety Company, dated March 3, 1944, and here sought to be foreclosed, contains the following covenant: "And the said mortgagors * * * covenant with the said mortgagees * * * that they are the lawful owners, of all and singular the goods, chattels and property above mentioned; that said property is free from all encumbrances, except the sum of to-wit, Eleven Thousand Dollars ($11,000), represented by a retained title contract heretofore given by said mortgagors to L. Knabb of Moniac, Georgia, * * *." Thus, not from some extraneous source, but in the very mortgage through which plaintiff claims, it is put upon actual notice that the defendant L. Knabb has a vendor's interest in said property to the extent of Eleven Thousand Dollars ($11,000), represented by a contract of conditional sale. With such notice in the face of the instrument upon which plaintiff bases its claim, the record notice required by the Florida statute would be superfluous. Plaintiff cannot reject the burdens of the mortgage while claiming its benefits. Claiming under the mortgage, plaintiff is estopped to deny the rights of L. Knabb evidenced by the face of that instrument, despite the Florida statute. Diamond Rubber Co. v. Fourth Nat'l Bank, 171 Ala. 420, 55 So. 100; In re Rector's, 2 Cir., 220 F. 645; Nauman v. Bradshaw, 8 Cir., 193 F. 350; 55 C.J. 1256, note 62.

In Hudnall v. Paine, 39 Fla. 67, 21 So. 791, and Onyx Soda Fountain Co. v. L'Engle, 53 Fla. 314, 43 So. 771, the creditor acquired knowledge of the conditional vendor's rights after credit had been extended to the conditional vendee in possession. The creditor did not, as here, claim under an instrument which itself contained notice of a conditional vendor's interest in the property.

Plaintiff is entitled to a decree of foreclosure as against the mortgagors, but subject to the indebtedness of L. Knabb as conditional vendor, as such indebtedness may be hereafter established by the evidence.

Summary judgment granted as to the Simpsons, but denied as against the conditional vendor L. Knabb.