PER CURIAM.
This litigation began in 1963 and was before us on a previous appeal. Rood v. Miami Air Conditioning Co., Fla.App.1966, 193 So.2d 216. After remand, a trial was held and a final judgment was rendered. The plaintiff, Miami Air Conditioning Co., has appealed from that final judgment.
It recited, in pertinent part:
“On the retrial conducted pursuant to the mandate of the District Court of Appeal, Third District, the Court finds that the plaintiff has failed to establish by a preponderance of the evidence that the document entitled ‘Retail Installment Contract’ dated March 16, 1961, is a retain title or conditional sale contract. Not only does the contract contain no reservation of title in the seller, it contains a number of provisions strongly *79 persuasive that it was an agreement of absolute sale. As one example, it provides that in the event of the default of the buyer in payments to be made in the future, the property may be retaken and sold by the seller, and any surplus shall be paid to the ‘retail buyer.’ Obviously, the only basis on which the retail buyer could be entitled to the surplus is that title had passed to the retail buyer. Compare Harryford [Heryford] v. Davis, 102 U.S. 235 at 246, 26 L.Ed. 160.
Plaintiff has established by a preponderance of the evidence that the document entitled ‘Retain Title Contract’ dated May 10, 1962, is a retain title or conditional sales contract, valid as against the defendants.
Applying the principles announced by the District Court of Appeal, Third District, in its opinion in this case to these two findings most of the other contentions of the defendants are rendered moot.
It follows that as to the items described in the March 16, 1961 ‘Retail Installment Contract’ a judgment must be entered in favor of the defendants, finding that plaintiff is not entitled to the immediate possession of the property described herein.
With regard to the items described in the ‘Retain Title Contract’ dated May 10, 1962, it has been previously admitted by plaintiff that the three Chrysler Airtemp air conditioners described therein were installed in the Lido Spa Hotel more than five years prior to the date of the contract (in 1955). The Court’s original decision on the first trial rejecting plaintiff’s right to repossess these three air conditioning units was not challenged by plaintiff on appeal. 193 So.2d 218. Plaintiff is clearly not entitled to the immediate possession of said three air conditioning units. However, plaintiff is entitled to the immediate possession of the remaining property described in said ‘Retain Title Contract,’ to wit: the 50 ton forced draft cooling tower and the 5 H.P. circulating pump, besides damages for the wrongful detention of such property.
With regard to the damages for wrongful detention the plaintiff failed to establish by a preponderance of the evidence either that the particular cooling tower and circulating pump in question had a usable value, or that plaintiff was prevented from doing so by the wrongful detention of the defendants. Compare Voges v. Ward [98] Fla. [304], 123 So. 785 at 794. Plaintiff, having failed to establish by a preponderance of the evidence, any proper basis for special damages, is relegated to interest on the value of the property wrongfully detained. Ocala Foundry & Machine Works v. Lester, 49 Fla. 199, 38 So. 51.
In its answers to the interrogatories, plaintiff stated under oath that at material times the cooling tower had a value of $1,320 and the circulating pump had a value of $325.00, making an aggregate value of $1,645.00. The initial demand for this property established by plaintiff was the filing of the complaint in this cause, on or about December 16, 1963. Therefore, plaintiff is entitled to interest at 6% per annum for four years, three and one-half months, or $423.61. Based upon the foregoing, it is
ORDERED AND ADJUDGED as follows:
1. That the plaintiff, MIAMI AIR CONDITIONING CO., shall have of and recover from the defendants, NATHAN B. ROOD and SIDNEY B. BENEROFE, Trustees, possession of the following property located at the Lido Spa Hotel and described in the ‘Retain Title Contract’ of May 10, 1962:
One (1) 50 ton forced draft cooling tower
One (1) 5 H.P. circulating pump
*80 2. Plaintiff, MIAMI AIR CONDITIONING CO., do have of and recover from the defendants, NATHAN B. ROOD and SIDNEY B. BENEROFE, Trustees, as damages for the unlawful detention of the property described in paragraph 1 above the sum of $423.61, for which let execution issue, besides the taxable costs of the second trial to be hereafter taxed on motion and notice.”
We have reviewed the briefs and record in light of the arguments advanced for reversal and find that no reversible error was committed. Compare In re Brownsville Brewing Co., 117 F.2d 463 (3rd C.C.A. 1941).
The final judgment herein appealed is
Affirmed.