385 So.2d 1151 (1980)
SUBURBIA FEDERAL SAVINGS AND LOAN ASSOCIATION and Irving Krassner, Appellants,
v.
BEL-AIR CONDITIONING CO., INC., a Florida Corporation, Appellee.
Nos. 79-186, 79-561.
District Court of Appeal of Florida, Fourth District.
July 9, 1980.
*1152 Myron H. Burnstein of Saler, Yeslow & Burnstein, Hollywood, for appellants.
Theodore L. Tripp, Jr. of Tobias Simon, P.A., Miami, for appellee.
HURLEY, Judge.
This case poses the question whether Article 9 of the Uniform Commercial Code, Chapter 679, Florida Statutes (1979) supersedes Section 726.09, Florida Statutes (1979), as they apply to a retain title contract. We answer in the affirmative and therefore reverse the proceedings below.
The facts are without dispute. Prior to March, 1976, Suburbia Federal Savings and Loan Association ("Suburbia") placed a construction mortgage on certain real property owned by Foxcroft Country Club ("Foxcroft"). On May 4, 1976, Suburbia recorded the mortgage and filed UCC financing statements with the clerk of the circuit court and with the secretary of state.
On March 2, 1976, Bel-Air Conditioning Co., Inc. ("Bel-Air") and Foxcroft entered into a contract for the sale of air conditioning equipment. Included in the contract was this provision:
It is expressly understood and agreed that title to the above described property is retained by Bel-Air Conditioning Co., Inc., and same shall not pass or become vested in the purchaser until the entire purchase price has been paid. Said property shall be and remain personal property *1153 and retain its character as such, and purchaser shall not attach or affix said property to any realty so that it loses its character as personal property.
Bel-Air neither recorded the contract nor filed a UCC financing statement.
Without dwelling on the details, suffice it to say that Foxcroft defaulted and Bel-Air filed to replevy the equipment. Foxcroft also defaulted on its obligations to Suburbia, which led to a foreclosure action and the appointment of a receiver, Irving Krassner ("Krassner").
Krassner and Suburbia intervened in Bel-Air's replevin action and claimed that the retained title contract was a security interest as defined by the Uniform Commercial Code. They argued that Suburbia's filing of a financing statement coupled with Bel-Air's failure to do so, gave Suburbia priority over Bel-Air and entitled Krassner to possession of the equipment. Bel-Air responded that the contract meant exactly what it said: irrespective of the equipment's location, it was theirs. Bel-Air argued that it was protected under Section 726.09, Florida Statutes (1979), which made it immune from the UCC and its scheme for perfecting security interests. The trial court found for Bel-Air and ultimately entered a final judgment in the sum of $13,875.00. This appeal followed.
First, we note that there has never been a question as to the existence or validity of Suburbia's security interest in Foxcroft's goods. The entire controversy in the trial court centered on whether Article 9 of the Uniform Commercial Code, Chapter 679, Florida Statutes (1979), applied to the Bel-Air/Foxcroft contract. We therefore begin by considering the rules which govern the construction of the Code and the general policy of Chapter 679. The Legislature in Section 671.102, Florida Statutes (1979), stated:
This code shall be liberally construed and applied to promote its underlying purposes and policies.
Section 679.102(2), Florida Statutes (1979), sets forth the policy and scope of the chapter. It states:
This chapter applies to security interests created by contract including pledge, assignment, chattel mortgage, chattel trust, trust deed, factor's lien, equipment trust, conditional sale, trust receipt, other lien or title retention contract and lease or consignment intended as security. This chapter does not apply to statutory liens except as provided in s. 679.310. (Emphasis supplied.)
Section 671.201(37), Florida Statutes (1979), in turn, defines a "security interest" as:
... an interest in personal property or fixtures which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (s. 672.401) is limited in effect to a reservation of a security interest.
Since passage of title to the air conditioning equipment was expressly conditioned on Foxcroft's payment of the entire purchase price, we conclude that the contract was a "security interest" within the meaning of the Code. Moreover, because the contract contained an adequate description of the collateral we conclude it met the requirements for enforceability under Section 679.203(1), Florida Statutes (1979). See, American Restaurant Supply Co. v. Wilson, 371 So.2d 489 (Fla. 1st DCA 1979).
It remains only to determine the priority of the security interests. The stipulated facts show that Suburbia filed a financing statement pursuant to Section 679.302(1), Florida Statutes (1979); Bel-Air did not. Thus, Suburbia's security interest is perfected while Bel-Air's remains unperfected. It is black letter law that an unperfected security interest is subordinate to a perfected security interest.[1] Clearly, then, absent the intervention of some other statute, Suburbia is entitled to priority.
We next turn to appellee's contention that its rights are protected by Section 726.09, *1154 Florida Statutes (1979).[2] That statute provides:
When any loan of goods and chattels shall be pretended to have been made to any person with whom or those claiming under him, possession shall have remained for the space of two years without demand and pursued by due process of law on the part of the pretended lender, or where any reservation or limitation shall be pretended to have been made of a use or property by way of condition, reversion, remainder or otherwise in goods and chattels, and the possession thereof shall have remained in another as aforesaid, the same shall be taken, as to the creditors and purchasers of the persons aforesaid so remaining in possession, to be fraudulent within this chapter, and the absolute property shall be with the possession, unless such loan, reservation or limitation of use or property were declared by will or deed in writing proved and recorded.
(Emphasis supplied.)
Appellee also cites Rood v. Miami Air Conditioning Co., 193 So.2d 216, 221 (Fla. 3rd DCA 1966), which is factually similar to the case at bar, and wherein the court applied Section 726.09, and held:
[I]t is not necessary for a vendor of personal property who reserves title to prove or record the instrument by which title is reserved in order to protect such vendor's interest as against third persons obtaining a lien or interest via the vendee within two years after the date that the vendee is placed in possession; and that whether or not such third party so gaining an interest or lien within such period of time had notice, actual or constructive, of the reserved title in the vendor is immaterial.
Though these authorities are on point, appellee's reliance thereon is misplaced. First, Rood and its progeny[3] were decided prior to Florida's adoption of the Uniform Commercial Code on January 1, 1967.[4] Of greater importance, however, is the Legislature's pronouncement that the Code is to be the exclusive authority in matters of this kind.[5] Section 680.103, Florida Statutes (1979), states:
... [A]ll laws and parts of laws inconsistent with this code are repealed.
See also, Section 680.104, Florida Statutes (1979).
With the adoption of the Code, the location of title is no longer significant. Therefore, it was error to permit this factor to induce reliance upon Section 726.09. We hasten to add, however, that we can envision factual situations where Section 726.09 could apply without conflicting with the Code. Thus we limit our holding to the determination that as they apply to retain title contracts which meet the requirements of a security interest, Chapter 679, Florida Statutes (1979), supersedes Section 726.09, Florida Statutes (1979).
Accordingly, the judgment is reversed and the cause is remanded with instructions to enter a verdict for appellants.
REVERSED and REMANDED.
BERANEK and HERSEY, JJ., concur.
NOTES
[1] Section 679.301 et seq., Florida Statutes (1979).
[2] American Indus. Leasing Co. v. Searles, 510 F.2d 996 (5th Cir.1975), provides a general history of the statute with examples of its application.
[3] White v. County Mortgagee Corp., 211 So.2d 254 (Fla. 3rd DCA 1968). We are informed by appellants that "... examination of the Eleventh Circuit docket reveals that the case [White] was originally filed in November, 1966, ... prior to the effective date of the Code... ."
[4] Chapter 65-254 Florida Laws (1965).
[5] Cf. National Bank of Sarasota v. Dugger, 335 So.2d 859 (Fla. 2d DCA), cert. denied, 342 So.2d 1101 (Fla. 1976).