TILLMAN PEARSON, Judge.
The First National Bank of Miami owned a retain title contract on two machines. The First Bonded Warehouse, Inc. had possession of the machines. The Bank brought its complaint in the Civil Court of Record for Dade County alleging that the persons obligated to make payments under the retain title contract had defaulted, and praying for “the return of the above-described personal property and for a judgment for costs incurred by the Plaintiff in this action.” The Bank did not choose to pursue its remedy by the issuance of a writ of replevin but elected the alternative procedure set out in § 78.01, Fla.Stat., F.S. A. which provides:
“ * * * Or such person may at his election institute an action seeking like relief, but with summons to the defendant instead of writ, for the seizure of the property, in which event no bond shall be required of him, and seizure of the property involved shall be had only after judgment, such judgment to be in like form and tenor as that now provided for when defendant shall have retaken the property upon forthcoming bond * *
The defendant Warehouse filed its answer, including an affirmative defense, and a counterclaim. The answer admitted all of the allegations of the complaint except it denied that the plaintiff was lawfully entitled to possession. The affirmative defense set forth that the defendant claimed a lien on the property under § 678.27, Fla. Stat., F.S.A., which provides that a warehouseman shall have a lien on goods deposited for all lawful charges for storage and. preservation of the goods.
The counterclaim sought to recover from the plaintiff for the storage, transportation and labor due and owing on the property. The court on motion dismissed defendant’s counterclaim “without prejudice to the defendant to bring and maintain said cause of action in a separate suit.”
Thereafter, the trial court received affidavits and entered a summary final judgment for the plaintiff Bank. The judgment was for possession only. The Bank being dissatisfied with the judgment it received, filed a petition for rehearing in which it urged that the judgment was improper because the Bank was entitled not only to a judgment for possession of the property, but also to a judgment for the value of the property replevined. The petition for rehearing was denied and the Bank has appealed the summary final judgment and presents as a single point:
“Whether or not the plaintiff is entitled to a judgment for value of the chattels where plaintiff files a replevin suit on summons, not writ, and it is determined that the defendant has no right to withhold possession from the plaintiff.”
The defendant Warehouse has filed cross-assignments of error in which it urges first, that the trial court wrongfully determined that the Bank was entitled to the judgment as a matter of law because the warehouseman properly had the right of possession, and second, that the court erred in dismissing its counterclaim for storage costs.
We consider first appellant’s point which urges that it was entitled to a judgment against the defendant for possession and' for the value of the property. The basis-of this argument is the language of § 78.01, Fla.Stat, F.S.A. Section 78.01 provides *608 that a plaintiff seeking the possession of personal property wrongfully detained by another need not use a writ of replevin but, in the alternative, may seek a judgment for the possession of the property. If the alternative procedure is elected by the plaintiff “seizure of the property involved shall be had only after judgment, such judgment to be in like form and tenor as that now provided for when defendant shall have retaken the property upon forthcoming bond * * Section 78.19, Fla.Stat., F.S.A. provides for judgment when property is retaken upon forthcoming bond and is in part as follows:
“Judgment for plaintiff when goods redelivered to defendant.- — If it shall appear, as set forth in § 78.18, that the goods have been redelivered to the defendant upon his forthcoming bond, the plaintiff shall take judgment for the property itself and against the defendant and the sureties on the forthcoming bond of the defendant for the value of the property * *
We hold that the portion of § 78.19, Fla. Stat., F.S.A. which provides for a money judgment secured by a forthcoming bond is inapplicable in this case. It will be observed that in § 78.19, Fla.Stat, F.S.A. it is the defendant’s choice of retaining the property, subject to the writ and posting of forthcoming bond, which is the basis for the subsequent money judgment for the plaintiff. In effect, it is the defendant’s act of wrongfully retaking the property that entitles the plaintiff to a money judgment for the value of the property.
 The provision for a money judgment is not applicable to a situation where the plaintiff elects to leave the property in the hands of the defendant and deprives the defendant of the choice. The portion of § 78.01, Fla.Stat., F.S.A. which is determinative here is the phrase “seizure of the property involved shall be had only after judgment, such judgment to be in like form and tenor * * We construe the words “such judgment to be in like form and tenor” as modifying the clause “seizure of the property involved shall be had only after judgment”. Therefore the judgment referred to is only a judgment for the seizure of the property. We hold that the entry of a judgment for the value of the property is not within the contemplation of that portion of § 78.01 which provides for a judgment for possession without the use of a writ of replevin.
We are reinforced in our conclusion that § 78.01 does not contemplate a judgment for- the value of the property in the present instance by the fact that the record is devoid of a finding by the trial judge, or any evidence to support such a finding, that the defendant warehouseman was guilty of conversion. It is apparent that the warehouseman had a bona fide claim of lien. The Bank simply had a prior lien. The Bank’s action was in the nature of a suit for declaratory judgment as to which of two lienors were entitled to possession. Under such circumstances a judgment for the value of the property could not be sustained.
There remains for consideration the defendant warehouseman’s cross assignments of error. Under its first point, the warehouseman urges that it was entitled to possession of the property involved. This position is contrary to the holding in Dade National Bank of Miami v. University Transfer Storage, Inc., Fla.App.1963, 151 So.2d 868.
The warehouseman’s second point, on cross assignment, urges that it was entitled to recover the amount of its lien on the counterclaim. This position is contrary to the established law in Florida. See § 46.08, Fla.Stat., F.S.A. and National Leasing Corp. v. Bombay Hotel, Inc., Fla.App.1963, 159 So.2d 111.
For the reasons stated the judgment appealed is affirmed.
Affirmed.