ERVIN, Justice.
We review on Petition for Writ of Cer-tiorari the decision of the District Court of Appeal, First District, in Hart Land and Cattle Company, Inc. v. Reeves Steel, Inc., Fla.App., 262 So.2d 267.
The question presented is whether in proceedings brought under F.S. Section 78.01, F.S.A. by replevin summons and complaint (without obtaining a writ of re-plevin or posting bond) and leaving possession of the personal property sought to be recovered in defendant during the proceedings, a judgment in favor of plaintiff may be entered ordering return to plaintiff of the property and providing that if the property cannot be returned that its monetary value as ascertained in the proceedings be recovered by plaintiff; and that plaintiff recover ascertained damages for detention and court costs.
The District Court affirmed the judgment just above described on the authority of Rimer v. Mortgage Guarantee Corp., Fla.App.1964, 168 So.2d 549. The judgment so affirmed awarded Respondent re *371 turn of certain bleachers in substantially as good condition as when defendant refused to surrender them, but if delivery could not be had provided that “Plaintiff shall recover from the Defendant the sum of $12,000, the value of said property.” Plaintiff was also awarded $600 damages for detention of the property and $57.70 for court costs.
Because conflict of decisions appears from the record proper and the decision of the District Court herein with First National Bank of Miami v. First Bonded Warehouse, D.C.A.3d 1965, 174 So.2d 606, and other cases of similar import, we accepted jurisdiction of the Petition for Writ of Certiorari.
In First National Bank of Miami v. First Bonded Warehouse, supra, the Third District Court said:
"We hold that the entry of a judgment for the value of the property is not within the contemplation of that portion of § 78.01 which provides for a judgment for possession without the use of a writ of replevin.”
It is possible that First National Bank of Miami v. First Bonded Warehouse, supra, could be distinguished from the instant case because of different facts. However, we believe it best to resolve the apparent conflict by directly holding that an alternative judgment such as the one entered in this case, i. e., for possession of the property or if possession is impossible for its value; and damages for unlawful detention, provided both value and detention have been duly ascertained pursuant to due process procedures in the case, is permissible under the replevin statutes.
We think the method of handling of this case by the Circuit Court is both expeditious and reasonable. We also believe it has a very practical current effect in view of the recent holding in Fuentes v. Shevin (decided by the Supreme Court of the United States, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556) in that it affords due process and a final disposition of all issues by a single judgment where writ of replev-in procedures are not undertaken.
The foregoing considered, the writ of certiorari herein is discharged.
ROBERTS, Acting C. J„ and ADKINS, BOYD and McCAIN, JJ., concur.